Blackford, J.
This was an action of assumpsit brought by the plaintiffs in error. There are two counts in the declaration. The first count is on a promissory note alleged to have been given by Brown to Jamison, and indorsed by Jami-son to Lister, by Lister to Seibert and Buehler, by Seibert and Buehler to Líder, and by Líder to the plaintiffs. The note was for $520, dated the 30th of August, 1840, payable *ninety days after date, and negotiable and payable at the branch at Indianapolis of the State Bank of Indiana. The maker and indorsers of the note are joined in the suit, by virtue of the statute. The second count is for money had and received, money lent, and for money paid, laid out, and expended.
.The defendants pleaded to the first count, usury in general terms, and the general issue to both counts.
There was a special demurrer to the plea of usury, becauss the contract was not particularly set out, and the demurrer was correctly sustained. Hill v. Montagu, 2 M. & Selw., 377.
The cause was submitted to the Court on the general issue without a jury. The evidence was as follows: The plaintiffs produced the note and the indorsements thereon as described in the first count, and proved their execution. A witness for the plaintiffs stated, that on the third day after the note became due, he notified all the indorsers in person of the nonpayment of the note, and stated also, on cross-examination, that, as agent of the defendants, he delivered the note, indorsed as it is, to the agent of the plaintiffs, and took up another note for the same sum and executed by the same parties, which was then due and under protest; that, at the same time, he executed his own due bill to the said agent of the plaintiffs, or to the plaintiffs, for about $16.00, which included tho costs of protest on the former note; that the due bill, exclusive of costs of protest, was for more than at *406 the rate of ten per cent, per annum interest on the amount of the note; and that the due bill had not been paid.
The Court gave judgment for the defendants.
The ground relied on by the defendants to sustain this judgment is, that the contract was usurious. This objection,1 according to the evidence, applies only to the note described in the first count. And supposing that note to be void on account of usury, the plaintiffs may perhaps still be entitled, upon the evidence in the record, to judgment on the second count. The defendants owed the plaintiffs $520, as appeared by the promissory note mentioned by the witness, to which note no objection appears, and which was due and under protest. The defendants took up that note, not by *payingit,butby executing the note described in the first count, and giving a due bill for usurious interest on the last note. It is plain, that if the note last executed is void, as we believe it to be, the original debt for which it was given remains unpaid, and the plaintiffs have a right to recover it. This point is decided by numerous authorities. Comyn on Usury, 190, and the cases there cited.
Considering the first count as out of the question,we are to examine whether the plaintiffs can recover, under the second count, on .the note which was given up; and we think they can. It is true, that it appears from the evidence that the plaintiffs were assignees, and that one of the defendants was the maker, of that note; but it has been decided, that, under a count for money had and received, a promissory note of which the plaintiff is assignee and the defendant maker, is admissible evidence. Pierce v. Crafts, 12 Johns., 90; Olcott v. Rathbone, 5 Wend., 490; Wild v. Fisher, 4 Pick., 421. There are no doubt cases to the contrary; but we are disposed to follow those to which we have referred. We think the evidence'respecting the note which was given up—the subsequent note being considered void—shows the plaintiff's right to recover on the count for money had and received.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.
P. Sweetser and L. Barbour, for the plaintiffs.
W. Quarles, G. Fletcher, 0. Butler, and S. Yandes, for the defendants.