USHER
v.
STEWART.

*J. Pitcher* and *O. H. Smith*, for the defendant.

---

USHER *v.* STEWART.

Assumpsit for goods sold and delivered, &c. Plea of payment, alleging that the plaintiff was indebted to the defendant in a certain sum for money had and received, &c. Replication in denial of the plea. *Held*, that a promissory note given by the plaintiff to a third person, and indorsed to the defendant before the suit was commenced, might be read in evidence by the defendant under the plea.

*Thursday,*
*December* 12.

ERROR to the *Vigo* Circuit Court.

SULLIVAN, J.—Assumpsit by *Stewart* against *Usher* for board, washing, and lodging, and goods sold and delivered.

Pleas, 1. Non assumpsit; 2. The statutory plea of payment, setting forth that the plaintiff was indebted to the defendant in the sum of 100 dollars, for so much money before then had and received by the plaintiff for the defendant's use, &c. *Similiter* to the first plea, and replication in denial of the second. Verdict and judgment for the plaintiff.

On the trial, the defendant proved the execution of a promissory note, given by the plaintiff to *B. Booth* for the sum of 32 dollars and 92 cents, due *January* 5th, 1842, and the indorsement of it to himself before suit brought, and offered to read the note in evidence to the jury in support of his second plea; but the Court, on motion of the plaintiff, rejected the evidence. This is the only error complained of.

We have heretofore decided, that an action for money had and received may be maintained by the indorsee against the maker of a promissory note, and that in such action the note and indorsement are evidence to support the suit. *Indianapolis Ins. Co.* v. *Brown et al.* 6 Blackf. 378. The same rule of evidence applies, where money had and received by the plaintiff to the use of the defendant is made the foundation of a defence. The statute, which authorizes this mode of pleading, requires the contract, on which the defendant relies, to be set out in his plea; hence, it is argued by the defendant in error, that the general mode of pleading adopted in this case is not embraced by the statute. But in this conclusion he is evidently mistaken. There is a difference between the contract, and the evidence by which it may be proved. A plaintiff in his declaration must set out the contract on which he relies with legal certainty, and he must prove it as stated. If the plaintiff in error had brought an action for money had and received against the maker of the note offered in evidence, and if he could have supported it by the note and the indorsement, it is difficult to perceive why the same evidence will not support the identical contract when set up as a matter of defence. The plaintiff need not be taken by surprise by this general mode of pleading, because he may, before replying, demand a bill of particulars.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. D. Griswold*, for the plaintiff.

*R. W. Thompson* and *C. W. Barbour*, for the defendant.