JUSTICE and Another *v.* CHARLES.

If the holder of a note for the payment of money take from the maker, in consideration of the sum due on that note, a new note for the amount, payable with illegal interest, he has no right, afterwards, to surrender the new note, and recover from the maker the amount of the old one with legal interest.

The maker is liable in such case only for the amount of the new note without interest.

A note payable with illegal interest, may be declared on as a note payable without interest.

The judgment for the plaintiff in this case being for more than was due, he was permitted to cure the error by entering a *remittitur* in this Court for the excess.

*Thursday, May 25.*

ERROR to the *Wayne* Circuit Court.

SMITH, J.—This was an action of debt brought by *Thomas Charles* against *Enoch P.* and *Henry Justice.* The declaration contains three counts. The first is upon a promissory note for 250 dollars; the second upon a note made by the defendants in favor of the plaintiff for 530 dollars, payable on demand and dated the 2d of *February,* 1842; and the third is for money had and received. The defendants pleaded the general issue to the whole declaration, and three special pleas. There was an issue of fact upon one of the special pleas, and demurrers were sustained to the others. It is not necessary, however, to notice these pleadings further, as there are no questions presented by them which do not equally well arise under the general issue. The cause was submitted to the Court for trial without the intervention of a jury, and there were a finding and judgment for the plaintiff for the sum of 750 dollars debt and 250 dollars damages, making in all 1,000 dollars, and the costs of the suit.

It appears by a bill of exceptions that, on the trial, the plaintiff introduced in evidence a note which reads as follows: "$530. On demand we promise to pay to the order of *Thomas Charles* 530 dollars for value received, bearing ten *per cent.* interest. *Milton,* 2d Mo. 2d, 1842. —*E. P.* and *H. Justice.*" The defendants objected to the introduction of this note, but the objection was overruled.

The plaintiff then surrendered said note to be cancelled, and proved that it was given in consideration of a certain note for 500 dollars and interest which had accrued thereon to the amount of 30 dollars, executed by the defendants to one *Jesse Baldwin*, and by him assigned to the plaintiff. The defendants then offered to prove that the said note, executed by the defendants to *Baldwin*, was given in consideration of the purchase of certain real estate, but the Court refused to allow evidence of the consideration of the note to *Baldwin*. The above being all the evidence introduced relative to said notes, the plaintiff moved the Court to render judgment for the amount of said note executed to *Baldwin* with interest at the rate of six *per cent.* from the 2d of *February*, 1842, to which the defendants objected, but the objection was overruled and judgment rendered accordingly.

The legal rate of interest in this state, at the date of the note for 530 dollars, was six *per cent.* It is enacted by the R. S. of 1843, c. 31, s. 29, that no contract for the payment of money with interest at a higher rate than six *per cent.* shall be rendered void in consequence of the agreement for such usurious interest, but that, whenever, in any action brought on such contract, it shall appear that usurious interest has been contracted for or received, the defendant shall recover his full costs in such suit, and the plaintiff shall only recover judgment for the principal sum due him without interest thereon, or if he shall have received any part thereof before the rendition of the judgment, the same shall be deducted from the principal sum, and judgment shall be rendered for the balance. It has been decided in *Andrews* v. *Russell*, 7 Blackf. 474, that this statute operates retrospectively so as to embrace contracts made before its passage, and it must, therefore, be considered applicable to the present case. There can then be no difficulty in ascertaining the amount the plaintiff was entitled to recover upon the note described in the second count, as it appeared that that note had been drawn payable with usurious interest. But it is contended by the plaintiff below, who is now the defendant in error,

that he had a right to fall back to the note executed by the *Justices* to *Baldwin* and by him assigned to *Charles*, as the original consideration of the debt sued upon and recover the amount of that note *with interest* under the common count. This view, it appears, was sustained by the Court below, but we think it is erroneous. It would be a manifest evasion of the penalty which the statute intended to impose upon persons for attempting to take usurious interest, that is, the forfeiture of all interest and of the right to recover costs in a suit upon an usurious contract. If the plaintiff in such suit had only to fall back to the original consideration and recover that, with legal interest, under the common counts, the attempt by the statute to prohibit the recovery of any interest in such cases, would be wholly nugatory. That the consideration, in this case, was a prior note, cannot make any material difference. A contract to pay the amount of a precedent debt with interest greater than the legal rate, cannot be any less tainted with usury than if it had been for money advanced at the time the contract was made.

The case of *The Indianapolis Insurance Company* v. *Brown*, 6 Blackf. 378, seems to be relied upon by the defendant in error to sustain the decision of the Court below upon this point. But that case is easily distinguishable from the present. In that suit a note given in consideration of the amount due upon a former note was held entirely void, and therefore the old note could not be considered cancelled. The case stood just as if no new note had been given, and on that ground it was decided that the old note could be given in evidence under the common counts. In the present case, the new note was valid. The plaintiff below, under the second count, was entitled to recover the principal without interest, but as the judgment was for a larger sum, being, as shown by the bill of exceptions, for 500 dollars with nearly four years' interest and the costs of the suit, it was therefore erroneous.

It is contended, indeed, by the plaintiff in error, that the note for 530 dollars, payable *with ten per cent. interest*,

was not admissible under the second count, as the note described in the count is not alleged to bear any rate of interest. But it has been already decided by this Court that these words in the note do not render it objectionable on the ground of a variance. The legal effect of the note is correctly described in the declaration, as it is in fact for the payment of 530 dollars without interest.

Remittitur entered by defendant.

*Per Curiam.*—The judgment is affirmed as to residue. No costs here.

*C. H. Test* and *J. Perry*, for the plaintiffs.

*J. S. Newman*, for the defendant.