May Term, 1851.

ROSWELL
v.
SIMONTON.

---

### ROSWELL v. SIMONTON.

Bill in chancery setting forth that *A.* and *B.* were the owners of 80 acres of land; that they mortgaged the same for the payment of 120 dollars, which mortgage was assigned to the defendant; that, after the execution of said mortgage, *A.* and *B.* made a verbal partition, into parts of equal value, of said land, and each took possession accordingly, *A.* of 20 acres, and *B.* of 60 acres. *A.* conveyed his to the complainant, who took, and has since held, possession and made improvements; that the defendant afterwards filed his bill against *A.* and *B.*, and obtained a decree for 145 dollars; that the 80 acres were sold for 200 dollars, the defendant being the buyer; that the defendant recovered judgment in ejectment and is about to put the plaintiff out of possession; that a part of said mortgage debt had been paid before foreclosure, but was not credited. The bill prays a discovery and account, and states that the defendant refused to first sell *B.'s* 60 acres; that the complainant has requested him to come to an accounting, take half the amount from the former, and release his 20 acres, and now offers to make that arrangement. The bill prays an

injunction restraining the enforcement of the judgment in ejectment, and a decree that the complainant's 20 acres be released. *Held,* that the complainant could not compel the defendant to first sell the 60 acres, but he had a right to file a bill to redeem the land before sale, and had he done so he would have been required to redeem the whole of it with the right of holding it till he should be repaid half the amount with interest by his co-debter.

*Held* also, that had the complainant been a party to the bill to foreclose he might have availed himself of all the rights he could have had upon a bill to redeem.

*Held* also, that his proper course would have been to have filed his bill after the sale and redeemed the whole of the land by paying off the decree and costs.

*Held* also, that he was bound by the decree in the foreclosure-suit, as the bill did not charge fraud or collusion in the rendering of that decree.

ERROR to the *Elkhart* Circuit Court.

PERKINS, J.—*John Roswell* filed his bill in chancery in the *Elkhart* Circuit Court, setting forth that in *September*, 1843, *James Upson.* and *Nathaniel A. Doan* were the owners of 80 acres of land, described in the bill, and that they mortgaged the same to secure the payment of 120 dollars, which mortgage, soon after its execution, passed, by assignment, to *Abner P. Simonton,* the defendant to this bill; that, after the execution of said mortgage, and before *July,* 1846, said *Upson* and *Doan* made a verbal partition between them, into parts of equal value, of said 80 acres, and respectively took possession accordingly, *Upson* of 20, and *Doan* of 60 acres; that in *July,* 1846, *Upson* sold and conveyed his 20 acres to the plaintiff, *Roswell,* who took, and has since held, possession of them, and made valuable improvements; that in *December,* 1846, the mortgage debt having become due, *Simonton* filed his bill against *Upson* and *Doan,* and, in *April,* 1847, obtained a decree of foreclosure and sale upon said mortgage, which decree was for 145 dollars and 50 cents and costs, then amounting to 18 dollars and 20 cents; that, on the 14th day of *August,* 1847, the whole of the 80 acres of land mortgaged was sold on said decree for 200 dollars, *Simonton* being the buyer; that said *Simonton* has since recovered judgment in ejectment, and is about to put the plaintiff out of possession. The bill charges that a part of said mortgage-debt had been paid before the decree of fore-

*May Term, 1851.*

ROSWELL
v.
SIMONTON.

*Wednesday, May 28.*

closure was rendered, but that the amount was not credited on the mortgage, and prays a discovery and account; states that *Simonton* refused to first sell *Doan's* 60 acres; that plaintiff has requested him to take the 60 acres for his debt, and avers that they are worth the amount; that he has requested him to come to an accounting with him as to the amount really due on the mortgage, to take half that amount from the plaintiff and thereupon release plaintiff's 20 acres, and plaintiff says he is now willing, and offers to make that arrangement. He prays an injunction restraining the enforcement of the judgment in ejectment, and a decree that *Simonton* release to the plaintiff his said 20 acres of ground. Demurrer to the bill and bill dismissed.

The plaintiff had no right to require *Simonton* first to sell the 60 acres of his (plaintiff's) co-debtor for the purpose of making the entire debt of both debtors out of the property of one. There could be no equity in that. He had a right before the sale to file a bill to redeem the mortgaged land; and, had he done so, he would have been required to redeem the whole of it, with the right of holding the whole, when redeemed, till he should be repaid half the amount, with interest, by his co-debtor. 2 Story's Eq. s. 1023, and notes.—Eq. Pl. s. 186.—2 Spence's Eq. Jur. 666. Perhaps had he, before the sale of the mortgaged premises, tendered one-half of the amount of the decree and costs on which the sale was to be made, he might have compelled *Simonton* to first sell his co-debtor's half of the land before resorting to the half of the plaintiff for any deficiency there might still remain in payment. This would seem to be equitable. See *Cohen* v. *Hannegan*, in this Court, 1850 (1). But on this point we decide nothing.

Had he been a party to the bill to foreclose, as he should have been, he might have availed himself, in that suit, of all the rights he would have had upon a bill to redeem. Not having been a party to that suit, he is not barred of his right to redeem by it; but he has no greater right since, than he had before, the sale under the decree

in that suit.  4 Kent, 184.  After the sale he might have filed his bill, and redeemed the whole of the land by paying off the decree and costs.  This was his proper course. But suppose he could after the sale (as to which we decide nothing) procure that sale to be set aside, pay one-half of the decree and costs, and compel a re-sale of his codebtor's half before again resorting to his own for deficiency, still, in the present case, he has not placed himself in a situation to obtain this relief.  He has not offered to pay one-half of that decree and costs.  His excuse is that the decree is for too great an amount, and he prays a discovery.  But this is no excuse, and he has no right to a grant of his prayer.  He is bound by the decree in the foreclosure suit, as he has not charged fraud or collusion in the rendering of that decree.  2 Spence Eq. Jur. 812.—*Hains* v. *Beach*, 3 John. Ch. R. 158.  Another reason why he could not have a new accounting as to the mortgage-debt in this suit is, that he has not made the mortgagors parties.  They would be necessary to a bill for an account as to the amount they might be indebted.

It is objected that the sheriff's sale upon the decree was void for the reasons, that he did not sell the 80 acres in parcels, and that he sold more property than was sufficient to pay the debt; but it is not shown that he could have so divided the 80 acres as to have made the whole debt by the sale of any given part; and the excess of the proceeds of the sale over the amount of the decree, interest, and costs, inclusive of those incident to the sale, would have been but a very trifling sum, not sufficient to vitiate the sale.

*Per Curiam.*—The decree is affirmed with costs.

*J. Morrison* and *S. A. Major*, for the plaintiff.

*S. G. Harris*, for the defendant.

(1) See *ante*, p. 379.