WHEELER *v.* HART.

The R. S. 1843 authorized a sale of mortgaged premises under a power; but the R. S. 1852 are different.

*Wednesday,
June 11.*

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Bill, under the old practice, for an injunction. Temporary injunction granted, but dissolved at the next term of the Court, on the coming in of the answer. Appeal to this Court.

The facts are as follows:

On the 17th of *June*, 1850, *Wheeler* was indebted to *Hart*, in the sum of 1,507 dollars and 91 cents. *Hart* held a mortgage, as security for payment, which contained a power to sell, &c. To induce *Hart* to give time, *Wheeler* agreed to pay 25 dollars a month usury, and assigned to him, as collateral security for the 1,500 dollar debt, a mortgage on *Pell* and *Wright*, inserting in the assignment a power to sell, &c.

*Wheeler* proceeded, in the manner pointed out, to sell the *Pell* and *Wright* mortgage, bidding it in himself. He was about to proceed to sell the land covered by the 1,500 dollar mortgage, when this bill was filed to restrain such sale, and to restrain *Wheeler* from assigning the *Pell* and *Wright* mortgage, and to adjust accounts.

The answer denied the allegations in the bill, so far as they charged unfairness, reception of usury, and intention to assign the *Pell* and *Wright* mortgage.

If any ground for the injunction, as to the *Pell* and *Wright* mortgage, was shown by the bill, it was removed by the denial in the answer of any intention to assign it.

No ground was shown for an injunction as to the 1,500 dollar mortgage. The statute then authorized the sale under the power of attorney; R. S. 1843, pp. 463, 464; and the time of payment, as extended, had elapsed. The statute is different now. 2 R. S. 1852, p. 239, s. 3.

Perhaps if the original contract was not tainted with usury, any amount subsequently paid, if any was, to ob-

tain extension of time, did not vitiate the original contract. As to this we decide nothing. See 6 Blackf. 378. But on the final hearing, such amount, if any was paid, may be considered in adjusting the accounts between the parties.

May Term, 1856.

*Per Curiam.*—The decree dissolving the injunction, is affirmed with costs.

*A. M. Crane, G. S. Orth* and *E. H. Brackett,* for the appellant.

*R. C. Gregory* and *R. Jones,* for the appellee.