Nov. Term, 1861.

PRATT
v.
BOYD.

———————

## PRATT v. BOYD.

Suit to recover the value of a certain promissory note, converted by the defendant to his own use. The Court instructed the jury that if the maker of the note was insolvent, so that he had no property subject to execution, his note was of no value, and the defendant was not liable for its conversion.

*Held*, that the instruction was erroneous, as other elements than mere amount of property subject to execution, enter into a man's credit, and the value of his paper.

Wednesday,
December 4.

APPEAL from the *Parke* Circuit Court.

PERKINS, J.—*James W. Pratt* held a note on *Levi Lewis* for $100. He placed the note in the hands of *Joseph Boyd*

with instructions to obtain, in exchange for it, the note of
*Hend rson* and *Si er*, pursuant to a previous arrangement
among the parties. Instead of exchanging the note accord-
ing to instructions, *Boyd* appropriated it in part payment of
a horse, counting its value at about $80. *Boyd* offered the
horse to *Pratt*, at his (*Boyd's*) bargain, but *Pratt* refused to
accept it, and sued *Boyd* for the converted note. It was
proved that *Lewis*, the maker of the converted note, had no
property subject to execution; but there was no other evi-
dence touching the value of his note, except the fact that
*Boyd* sold it for about $80. The Court instructed the jury,
in substance, that if *Lewis* was insolvent, so that he had no
property subject to execution, at a given date, his note was
of no value, and *Boyd* was not liable for its conversion;
although he sold it for $80, and at a different date, perhaps,
from that fixed in the instruction, and when *Lewis* was not
insolvent. The jury found for the defendant, *Boyd*.

The instruction was wrong, and so was the verdict. The
fact that a man is insolvent at one period, is not conclusive
evidence that he will always remain so. Nor is that fact
conclusive proof that his note is worthless. Take the case
of an honest, industrious young man of twenty-one years of
age, who is without a dollar's worth of property, but who
by his industry is able, and by his honesty is willing, to pay
notes he may execute. Is his note worth nothing? Take
the man of family, without property, but with a business
talent and education which enable him to earn five dollars
a day, and with honesty that leads him to fulfill his promise.
Is his note for a hundred dollars worth nothing? Other
elements than mere amount of property subject to execu-
tion, enter into a man's credit, and the value of his paper.

*Per Curiam.*—The judgment is reversed, with costs.
Cause remanded. &c.

*S. F. & D. H. Maxwell*, for the appellant.
*Crain* and *Allen*, for the appellee.