Jenkins and Another *v.* Long and Another.

Court, nor was there any motion for a new trial or in arrest. And moreover, in looking into the record, we perceive no error.

The judgment is affirmed, with two per cent. damages and costs.

*W. S. Ballinger* and *D. M. Bradbury*, for the appellants. *J. B.* and *J. F. Julian*, for the appellee.

---

## JENKINS and Another *v.* LONG and Another.

At common law, fraud could be given in evidence under the general issue; but under the code, fraud must be specially pleaded, by averring the existence of all the elements necessary to be proved to make a fraud.

If the alleged fraud consist in false representations, such representations must go to a material fact, and be made under such circumstances that the party has a right to rely upon them, and it must appear that he did rely upon them.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—Suits upon notes and a mortgage.

*Answer.* That the notes were given for the purchase money of a livery stable, horses, carriages, etc., and the good-will of the stable; that the owners represented that the profits of the stable were from fifteen hundred to two thousand dollars a year; whereas, they aver, that the business, instead of being from fifteen hundred to two thousand dollars a year, never cleared exceeding two hundred dollars.

To this answer, a demurrer was sustained. It will be observed that the answer is uncertain, in this, that it does not plainly appear whether the parties understood the representation to refer to gross receipts or net profits. A motion to have it made more certain might have prevailed.

Jenkins and Another *v.* Long and Another.

If the representation was that the profits of the business had been, and then were, fifteen hundred dollars a year, and the representation was relied on in making the purchase, and it was false, it may have been such an one as amounted to fraud; because it was a representation of a fact, and not the expression of an opinion; whereas, had the representations been that the profits would amount, in future, to fifteen hundred dollars, it would not have been a fraud, because it would have been the expression of an opinion, and not the representation of an asserted existing fact. See Fry on Specif. Perf., chap. 12. The subject of fraud is most excellently treated in the 2d edition of Fry on Specif. Perf. But the answer, in the case at bar, was bad, for failing to aver that the purchase was made in reliance upon the representation.

At common law, fraud could be given in evidence under the general issue, or under a general plea of fraud. *Cohee* v. *Cooper*, 8 Blackf. 115. But, under the code, fraud must be specially pleaded; and the answer of fraud must contain the averments of all the elements necessary to be proved to make a fraud; and they are that the representation must go to a material fact; must be made under such circumstances that the party has a right to rely on it; the party must rely on it, and it must be false to a material extent. See the common law forms of a special plea of fraud. 3 Chit. Pl. 962. 2 Swan Pr. 742. See *Mattock* v. *Todd*, at this term.

*Per Curiam.*—The judgment is affirmed, with one per cent. damages and costs.

*John F. Kibbey*, for the appellants.

*M. Wilson*, for the appellees.