Sumner v. Coleman.

*Lewis D. Stubbs,* for the appellees.

(1) Petition for rehearing overruled, *August 26, 1863.*

---

SUMNER v. COLEMAN.

PRACTICE—FORECLOSURE—PARTIES—REDEMPTION.—*A,* in 1832, held a pre-emptor's title to certain land. In 1841, he conveyed the land, with full covenants, to *B.* In 1843, *B* conveyed it in like manner, to *C.* Afterwards a patent was issued for it to *A.* In 1850, *C* conveyed it to *D,* who, at the same time, conveyed it to *E,* by way of mortgage, to secure unpaid purchase money. In 1851, *D* conveyed his equity of redemption to *F,* subject to the mortgage. Afterwards, *E* sued to foreclose the mortgage, and had judgment of foreclosure and sale. *F* was not a party to that suit.

*Held,* 1. That *F* was a proper, but not a necessary, party of record to that suit.

2. That, not having been a party thereto, his rights are not precluded by the judgment, except, that he can not contest the amount of the

Sumner *v.* Coleman.

judgment, unless for fraud; nor maintain an action to review it, because he was not a party; nor avoid its payment, because it is for the purchase money of the land, and there has been no ouster of the original vendee or his grantee, or any attempt to rescind; but he may show fraud, and he may redeem.

PRACTICE—CONTINUANCE.—In an action, where some of the defendants have been served with process, and others have not, and the action may proceed against those served, if the plaintiff proceeds to make up the issues, the defendants served may well infer that the trial is to go on, and that they must be prepared for it, and the plaintiff is not entitled, after the issues are made up, to have a continuance of the whole cause, simply because some of the defendants have not been served with process.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—In 1832, *Hannaniah Hewitt* settled on the south-west fractional quarter of section 31, in township 26, north of range 9 west, in *Indiana*, for the purpose of acquiring a pre-emption right thereto.

On the 23d of *October*, 1841, he conveyed the land to *Lorenzo D. Hewitt*, by deed with covenants of warranty.

On the 9th of *June*, 1843, *Lorenzo D. Hewitt* conveyed the same land by deed with full covenant, to *Isaac V. Banta.*

On the 10th of *August*, 1843, a patent issued from the *United States* to *Hannaniah Hewitt* for the same tract of land.

On the 10th of *April*, 1850, *Isaac V. Banta*, at the request of *Isaac* and *Samuel Coleman*, who then claimed to be the beneficial owners, conveyed the same land to *Samuel Verden*, who, at that date, reconveyed the land to *Isaac Coleman* by way of mortgage to secure the unpaid balance of the purchase money, in one year from date, with power of sale upon default.

On the 8th of *March*, 1851, *Samuel Verden* conveyed his equity of redemption in the land to *Edward C. Sumner*, who purchased subject to the *Coleman* mortgage. A month and

two days after this purchase by *Sumner, Coleman's* mortgage fell due; *Sumner* failed to pay it; *Coleman* proceeded to offer the land for sale; *Sumner,* in *Verden's* name, as we must suppose, prevented the sale by a temporary injunction, upon the hearing of which the question of title was investigated and decided, and the injunction dissolved. *Verden* v. *Coleman,* 4 Ind. 457. By this time the statute had been changed, and sales under powers were required to be made, as upon ordinary mortgages, through suits to foreclose. *Wheeler* v. *Hart,* 7 Ind. 584. Accordingly, in 1856, *Coleman* filed his bill against *Verden* for a foreclosure of the mortgage, &c. *Verden* again, or *Sumner* for him, set up a want of title, but a judgment of foreclosure and sale was had against him. The case was appealed to the Supreme Court, *Sumner* alone, executing the appeal bond, and the judgment of foreclosure was affirmed. See *Verden* v. *Coleman,* 10 Ind. 552.

*Sumner* would have been a proper, but was not a necessary party of record, to that suit. 2 G. & H., p. 289 and notes.

As he was not a party, his rights are not precluded by the judgment in that suit, except that he can not contest the amount of the judgment, unless he shows it fraudulent. *Roswell* v. *Simonton,* 2 Ind. 516; *Adams* v. *Sater,* 19 *id.* p. 420. Nor can he maintain a suit to revive it; 2 G. & H. p. 279, and notes; because he was not a party, and is not the heir, devisee, or personal representative of a party to that judgment.

He can not avoid the payment of the judgment on the mortgage, because it is for the purchase money of the land, and there has been no ouster of the original vendee or his grantee, nor any attempt to rescind. *Small* v. *Reeves,* 14 Ind. 163.

He can not open the judgment. 2 R. S., (G. & H.) pp. 66 and 67.

He may show fraud, and he may redeem.

The present suit is one by *Sumner* to avoid the judgment

Sumner *v.* Coleman.

in the foreclosure suit against *Verden* in favor of *Coleman*, but he makes no case of fraud, and he did not tender the money for redemption. The Court, however, gave him the right to redeem.

In the suit, he made *Verden* a party; why, is not very apparent. There was service on *Coleman*, none on *Verden;* but the plaintiff elected to continue the cause as to *Verden*, and proceed as to *Coleman*. *Coleman* answered. *Sumner* replied, and then moved that the judgment against *Verden* be opened up, &c., which motion was overruled. After this was done, the plaintiff asked to continue the whole cause, simply because *Verden* had not been served. The continuance was rightly denied, under the circumstances, even if it could have been claimed at an earlier stage of the cause. When the plaintiff proceeds to make up the issues, he gives the defendants served to understand that the trial is to go on, and that they must prepare for it. Costs, consequently accumulate; and the "option" should not afterwards be changed without good cause, at least, which was not shown to exist in this case. We think the judgment below must be affirmed.

It is, perhaps, proper for us to remark, that the main question argued by counsel on both side, in the cause, was whether the legal title to the land in controversy, was not in an *Indian,* named *To-pen-e-be,* or his assigns, by virtue of the provisions of a certain treaty.

The record does not involve that question, and hence, we do not decide it; and it would seem that the judgment in this case would be no bar to another suit by *To-pen-e-be,* or his grantees, on the question of title, *ante,* p. 468. We do not intend the judgment in this, to bar such other suit, in which the validity and priority of *Hewitt's* pre-emption on the one hand, and *To-pen-e-be's* title, under the treaty, on the other, would come up for determination. See *Sherman* v. *Gavin,* 15 Ind.

93.   As to the effect of this suit on the statute of limitations, see *Flournoy et al.* v. *Jeffersonville*, 17 Ind. 169.

On the question of the conflicting titles of *Hewitt* and *To-pen-e-be*, see *Doe* v. *Wilson*, 23 How. (U. S.) Rep. 457; *Clements* v. *Warner*, 1 Black 394, and *Zate et al.* v. *Carncy et al.*, *id.* 357.

*Per Curiam.*—The judgment below is affirmed, with costs.[1]
*McDonald & Roache*, and *Daniel Mace*, for the appellant.
*Z. Baird*, for the appellee.

(1)  Petition for rehearing overruled, *August* 26, 1863.