Davis *v.* Jackson et al.

*John R. Croffroth,* for the appellants.

---

## DAVIS *v.* JACKSON *et al.*

PLEADING—REPRESENTATIONS.—An answer to an action upon a note is sufficient, which alleges that the note was given in payment for the last installment on a stock of goods purchased of the plaintiff, which was represented to him at the date of purchase to be worth 3,500 dollars, and that it would invoice that amount or more; that the defendants were ignorant of the amount and value of the stock, and requested an invoice before purchasing; but the plaintiff said he had not time to make it, but assured them that he knew the goods would amount to more than 3,500 dollars; that the defendants

purchased on this representation; but that it was false, and known to be so by the plaintiff when he made it; and that the goods, in fact, invoiced and amounted to but 1,500 dollars.

APPEAL from the *Rush* Circuit Court.

PERKINS, J.—*Davis* sued *Jackson* and *Lober* on a promissory note.

Answer that the note was given for the last installment of payment for a stock of goods purchased by defendants of *Davis*, and that the latter represented that the goods would amount in value to 3,500 dollars; that they would invoice to that amount and more; that defendants were ignorant of the amount and value of the stock, and requested an invoice before purchasing, but the plaintiff, *Davis*, said he had not time to do that, but assured the defendants that he knew the goods would amount to more than 3,500 dollars; that defendants purchased on this representation; but that the representation was false, and known to be so by plaintiff when he made it, the goods in fact amounting, upon invoice, to but 1,500 dollars, &c.

There was a trial by jury, and a verdict and judgment for the defendants.

The answer was sufficient, and a demurrer to it rightly overruled. *Matlock* v. *Todd*, 19 Ind. 130. The evidence given on the trial tended to prove it to such a degree that an appellate Court could not, on that point, disturb the action of the jury and Court below. See *Jenkins* v. *Long*, 19 Ind. 28, and *Estep* v. *Larsh*, 21 *id.* on page 195. The jury may have inferred that the parties used the word value as indicating the amount to which the stock of goods would invoice. They may have inferred from the evidence that the purchase was made upon the faith of the representations. They may have inferred that the statement of *Davis*, that he had not time to invoice, was a pretext to avoid an invoice, because he

Davis *v.* Jackson et al.

knew it would show a less stock of goods in value than he had represented.

The purchasers were not bound to rescind. They had a right to keep the goods, set up the fraud as absolving them from paying the contract price, and remitting them to a liability simply, in this case, at all events, for the actual value of the goods. 2 Blackf. 123; 4 *id.* 231; 6 *id.* 108; 6 Ind. 26; *Oldham* v. *Love*, at this term. Whether there was a new promise, understandingly made, waiving the fraud, was a question for the jury.

The jury, then, may have inferred that, in this case, there was a sale of a stock of goods fraudulently represented to invoice at 3,500, and more, dollars, when the stock invoiced at but about 1,500 dollars. But, as the purchasers did not elect to rescind, they were bound to pay their reasonable value. By the contract, the purchasers were to pay to *Davis*, the seller, two notes on *Harvey Davis* (the son of the vendor) and one *Whiteman*, amounting to 2,500 dollars, and execute their own note, that sued on, for 1,060 dollars. They paid down the notes for 2,500 dollars, and the jury released them from the payment of this 1,060 dollar note. The account, then, stands thus:

Payment ...................................................... $2,500 00
Stock of goods purchased, worth........................  1,500 00

Over payment, taking notes at face............. $1,000 00

The notes, it thus appears, were obtained by *Davis* at 60 cents on the dollar. Considering that they were upon his son, who, whatever was in fact his then condition, might be prospectively solvent, in view of the condition of his father, we can not say the jury erred in placing a value on them, especially in view of the fact that the father had treated them, in the trade, as of the value of the sum expressed upon their

face, and the further fact that one *Whiteman,* also, was bound for their payment. *See Pratt* v. *Boyd,* 17 Ind. 232.

The verdict was general for the defendant. This was plainly a clerical omission. In legal effect, it was a finding for all the defendants. There was a single issue between the plaintiff and the defendants for trial, upon a common alleged liability. There was no verdict for the plaintiff.

*Per Curiam.*—The judgment is affirmed, with costs.

*George A. Johnson* and *Lafe Develin,* for the appellant.

*Thomas A. Hendricks, Oscar B. Hord* and *John T. Jackson,* for the appellees.