# IN GENERAL TERM, 1873.

JOHN B. E. REID v. WILLIAM J., AND MARY M. BROWN, Appellants.

PRACTICE—*answer.*

FRAUD—*answer of.*

An answer of fraud without avering particulars amounting to fraud is bad.

A general answer of fraud is not good under the code.

An alleged fraudulent grantee of a debtor cannot attack the judgment of his creditor, except for fraud.

*Barbour & Jacobs,* for appellant.

*Nichol & Jordan,* for appellee.

PERKINS, J.—The plaintiff, Reid, on the 30th of September, 1871, obtained a judgment in the Superior Court of Marion county, Indiana, against Wm. J. Brown, for the sum of two hundred dollars and costs of suit.

Execution was duly issued on the judgment, and returned no property found, &c.

The plaintiff, Reid, then instituted suit in the same Superior Court, against said Wm. J. Brown and Mary M. Brown, his wife, alleging in his complaint that the defendant, Wm. J. Brown, had caused certain property, described in the complaint, to be conveyed, without consideration, to his wife, said Mary M. Brown, with intent to defraud his creditors'

and particularly the plaintiff, Reid, who had obtained judgment, as above stated, against him.

The defendant, Mary, answered :

1.   The general denial.

2.   That the judgment against Wm. J. Brown was without consideration, and obtained through fraud.

3.   That the judgment was except as to fifty dollars, without consideration, and obtained through fraud.

A demurrer to the second, and third paragraphs of the answer was sustained.

This ruling was correct:

An answer of fraud that fails to aver particulars amounting to fraud is bad.   The simple fact that the judgment was not upon a valid consideration, did not necessarily constitute it.   A general answer of fraud is not good under the code. *Jenkins* v. *Long*, 19 *Ind.*, 28 ; *Honeywell* v. *Holmes, Ind.*, 321.

The plaintiff recovered judgment against Mary M. Brown.

She moved for a new trial ; her motion was overruled, and final judgment rendered.   Alleged erroneous admissions, and rejections of evidence was the ground of the motion for a new trial.   On the trial the Court permitted the judgment for two hundred dollars, in favor of Reid against Wm. J. Brown, to be given in evidence against Mary M. Brown, a stranger to it, and refused to permit said Mary M. to introduce testimony tending to show simply want of a valid consideration for that judgment.

In thus ruling, the Court did not err.   That judgment, (the Court rendering it having had jurisdiction,) was admissible in evidence to prove the indebtedness of Wm. J. Brown, and could be impeached by Mary M. Brown, the alleged fraudulent grantee, only for fraud, notwithstanding she was not a party to the judgment.   *Sumner* v. *Coleman*, 20 *Ind.*, 486, and cases cited ; *Burgess* v. *Simonson*, 45 *N. Y. Court of Appeals*, 225.   This latter· case, is, in its facts, much like the

Reid *v.* Brown.

case at bar, and is a direct authority in point of law, in support of the decision in Special Term. In *Candee* v. *Lord,* 2 *N. Y. Court of Appeals,* 269, (2 *Comstock*) the reasons why an alleged fraudulent grantee of a debtor cannot attack the judgment of his creditor, except for fraud, are stated. In that case it was not permitted to be shown that the judgment was rendered upon a forged indorsement of a promissory note. See *Stockwell* v. *Byrne,* 22 *Ind.,* 6.

"For the same reasons [say appellant's counsel, that we asked a new trial] we object to the instructions of the Court numbered five, six, seven and eight, as they are all based upon the hypothesis that the wife was estopped from inquiring what was equitably due to Reid, and was held by the Court as concluded by the judgment against her husband."

That she was so concluded, on the points specified, we have already shown; and as these are the only objections urged against the instructions, we have examined them with a view to no other.

The judgment is affirmed.