## FARMER *v.* CALVERT.

44  209
156  526

FRAUD.—*Circumstances and Presumptions.*—It is quite seldom that fraud is ever proved by positive evidence, but it is generally established by circumstances and presumptions which arise from the conduct of the parties.

SAME.—A court or jury cannot presume the existence of fraud, in the absence of evidence, but a presumption may arise from facts and circumstances proved, that the transaction was tainted with fraud.

SAME.—*Evidence.*—Where, in an action brought by A. against B., to recover the possession of certain property, the plaintiff alleged that he was the owner, and the defendant answered in general denial, and, also, that as · sheriff, by virtue of a writ of attachment, he seized the property as the property of C., who he alleged was the owner, and the plaintiff replied in general denial, and reasserting ownership;

*Held,* that after proof by the plaintiff of his purchase of C., evidence on behalf of the defendant that the sale was made by C. to defraud his creditors, and that A. was aware of such fraudulent purpose on the part of C. was within the issue, and having been admitted without objection or exception, its admission constituted no cause for a new trial on the motion of the plaintiff.

From the Hendricks Circuit Court.

*C. C. Nave,* for appellant.

*W. A. McKenzie,* for appellee.

BUSKIRK, J.—This was an action of replevin by the appellant against the appellee, to recover the possession of the contents of a drug store, which the appellant claimed to own by purchase from Eli W. Farmer, and the possession of which the appellee claimed as sheriff, by virtue of a writ of attachment issued against Eli W. Farmer.

There was issue, trial by the court, finding for the appellee, and judgment over appellant's motion for a new trial.

The error assigned is the overruling of the motion for a new trial.

Counsel for appellant insists that the finding is not suqported by the evidence.

Two questions are argued by counsel.

1. Did Eli W. Farmer sell the property in dispute to his

father, the appellant, with the fraudulent purpose of cheating and delaying his creditors?

2. Did the appellant, at the time of the purchase, have knowledge of the fraudulent purpose of the said Eli W. Farmer?

We have read all the evidence in the record, and entertain no doubt that Eli W. Farmer acted fraudulently in making sale of his drug store to the appellant.

The evidence in reference to the second question is not so satisfactory as it is in regard to the first, but there was evidence from which the court might have found that the appellant had knowledge of the fraudulent purpose of his son and participated therein. The appellant is the father of Eli W. Farmer. The latter was hopelessly insolvent. His creditors were pressing him for payment. On the 1st day of January, 1871, he made a contract with Dr. Lawrence, by which he sold him his drug store, to be delivered on the 1st day of March thereafter. On the 14th of January, 1871, the said Eli W. went to the residence of his father in Morgan county, and insisted on his purchasing the articles in the drug store and the notes and accounts due him, and informed the appellant that unless he took the drugs and accounts, he would never get any part of what he owed him. The appellant agreed to purchase the articles and accounts and returned with Eli to Hendricks county, where the goods and accounts were delivered to him without an invoice. The appellant placed his son Peter C. Farmer in charge of the drug store, because, as he swears, it would excite suspicion to leave Eli in charge. After the sale to the appellant, Eli went to Dr. Lawrence and informed him that he had sold to his father for fear that his creditors would attach the goods before the 1st of March, and that his father would sell him the goods on the same terms agreed upon between them. Eli went with Dr. Lawrence to the appellant, who sold him the drug store. The appellant placed the notes and accounts which he had purchased in the hands of Eli for collection, who collected about thirty dollars and appropriated the same to

his own use. It was proved upon the trial, that the appellant and Levi were heard talking about the other debts of Eli, before the purchase was made. The consideration for the purchase by appellant was the surrender to Eli of notes amounting to about one thousand dollars, which Eli owed him for borrowed money and money which the appellant had paid as the surety of Eli. This was a valid and sufficient consideration, and the sale should have been sustained, if the transaction was in other respects honest and in good faith. Many of the circumstances attending the transaction were unusual and calculated to excite suspicion. It is quite seldom that fraud is ever proved by positive evidence, but it is generally established by circumstances and presumptions which arise from the conduct of the parties. *Lane* v. *Taylor*, 40 Ind. 495.

Downey, J., in delivering the opinion of this court in *Rhodes* v. *Green*, 36 Ind. 7, on p. 15, says:

"Since fraud is a question of fact, and not of law, it is the peculiar province of the jury to decide upon the facts, the credibility of the witnesses, and the weight and effect of the evidence. Juries do not generally incline too much against fraud; on the contrary, it is feared that it too frequently escapes detection, on account of the cunning and artifice of those who engage in it."

There was considerable conflict in the evidence in the case in judgment. While the fraudulent purpose of the appellant is not clearly and satisfactorily established by the evidence in the record, the very careful judge who presided at the trial was far more competent to decide upon the credibility of the witnesses and make deductions from the facts proved and the attendant circumstances, than we are. We could not, without violating the long established practice of this court, disturb the finding and judgment. *The Madison, etc., Railroad Co.* v. *Taffe*, 37 Ind. 361.

The judgment is affirmed, with costs.

ON PETITION FOR A REHEARING.

Buskirk, J.—A rehearing is asked on two grounds: First,

that the court erred in holding that the finding and judgment against the appellant was justified by the evidence. We have again carefully read and examined the evidence in the record and given to the argument presented by counsel for appellant due consideration, and are entirely satisfied that the evidence is of such a character that we cannot, under the well settled practice of this court, disturb the finding and judgment based thereon.

A rehearing is, in the second place, asked, upon the ground that the court erred in applying the law to the facts proved. It is insisted that fraud is a question of fact and must be clearly proved, and can never be presumed. We concede the correctness of the general proposition of law laid down, but it does not result that fraud must be proved by positive evidence. It is generally established by circumstantial evidence. A court or jury cannot presume the existence of fraud in the absence of evidence, but a presumption may arise from the facts and circumstances proved that the transaction was tainted with fraud. *Davis* v. *Jackson*, 22 Ind. 233. The court so found in this case, and we cannot disturb the finding on the evidence. It is also contended by the learned counsel for appellant, that no question of fraud arose in the case. It is argued that fraud must be specially pleaded and cannot be proved under the general issue, and *Jenkins* v. *Long*, 19 Ind. 28, is cited. That seems to be the rule under the code. The object of this action was to try the right to the property in dispute. The plaintiff in his complaint alleged that he was the owner and entitled to the immediate possession thereof, and that it was wrongfully detained by the defendant. The defendant answered by the general denial and a special plea, in which he alleged that he was the sheriff of the county, that certain proceedings in attachment had been commenced in the Hendricks Circuit Court against Eli W. Farmer, and that by virtue of a writ issued thereon he had, as such sheriff, seized the property of Eli W. Farmer; that the said Eli W. Farmer was, at the commencement of such proceedings, and then was the abso-

lute owner of the property in dispute, and that defendant as such sheriff held such property by virtue of such writ and seizure.   A duly certified copy of the proceedings in attachment was filed with the answer.

The plaintiff, in his reply, denied generally the allegations of the answer, but specially denied that Eli W. Farmer was the owner, and reasserted the ownership of himself.   Upon the issue thus formed, the case was tried.

The plaintiff proved the purchase of the property from Eli W. Farmer.   The defendant proved facts and circumstances tending to show that the sale was made by Eli W., to defraud his creditors, and that plaintiff was aware of such fraudulent purpose and participated therein.   We think the evidence was within the issue, and that the question was raised by the pleadings, without specially pleading the facts, whether such sale was made in good faith or fraudulently. But whether it was or not, it was admitted without objection or exception on the part of the appellant.   The admission of such evidence was not assigned as a reason for a new trial, and it having been admitted without objection or exception, its admission constituted no cause for a new trial.

The petition is overruled.