## REAGAN *v.* LONG's Administratix.

ADMINISTRATOR *de son tort.*—A person sued as an administrator *de son tort,* to recover the value of assets of the estate, which he had converted to his own use, or disposed of, is entitled to be allowed, in reduction of damages, the amount of such assets applied by him to the proper uses of the estate, in the payment of debts, or otherwise.

SAME—PRACTICE.—In such an action, the defendant, under the general denial of the complaint, may give evidence generally tending to disprove the plaintiff's right to recover, or to damages.

APPEAL from the *Hendricks* Common Pleas.

PERKINS, J.—*Terrissa Long,* administratrix of the estate of *Henry Long,* deceased, sued *William I. Reagan* in an action in the nature of trespass, to recover of him the damages *Long's* estate had sustained through his intermeddling with the property of the deceased. *Reagan* answered in general denial, and by setting up several matters of defence specially, some going in bar, and some in mitigation of damages. His special answers were held bad on demurrer. On the trial upon the general issue, the plaintiff had judgment.

The facts are shortly these: After the death of *Long,* his widow, *Terrissa,* before taking out letters of administration, disposed of certain property of the deceased to *Reagan,* and also placed in his hands accounts which he was to collect, and, with the proceeds, pay debts owed by the deceased.

Reagan *v.* Long's Administratrix.

*Reagan* collected the accounts, amounting to 31 dollars, and applied the amounts in payment of *Long's* debts.    Afterwards, *Terrissa Long* took out letters of administration, and then sued *Reagan*, in her representative capacity, for tortiously interfering with the property of the deceased; sued him, in short, as an administrator *de son tort*, and recovered the value of the property she had disposed of to him, and the amount of money he had collected on the accounts she had placed in his hands, and perhaps something more, allowing him no credit for the amount of it, which he had applied to debts of the estate, &c.

The judgment below was wrong.    *Reagan*, at all events, conceding him to have been an executor *de son tort*, should have been allowed, in reduction of damages, the amount he proved, under the general denial, he had not converted to his own use, but to the use of the plaintiff in her fiduciary character, being that in which she sued.

It may be observed, that an administrator can allow claims against an estate, but those interested, may, at some time, contest the justice or correctness of the allowance, in the Common Pleas Court, in which this suit was tried.

The defendant put in an answer in mitigation of damages, but it was held bad on demurrer, because it purported to go in bar of the whole cause of action.    But we think the question of damages arose upon the general denial.    The plaintiff, in actions like the present, where the damages are indefinite, has two points to prove, viz: a cause of action to a nominal amount at least, and the amount of damages beyond that sum.    These questions arise on the general denial.    Hence, as the plaintiff must prove these points on the general denial, the defendant may give evidence tending to disprove them.

In this case, if the defendant had not converted the goods to his own use, but to the use of the plaintiff, she had not

been damnified in the amount of their value by such conversion.

Matter in mitigation, in this State, under the code, is required to be specially pleaded only in actions of slander.

There was nothing shown in this case touching preferred claims. And in such case, all the common law authorities lay down the rule as above stated. Went. on Ex. p. 324, note 1; Will. on Ex. 154; Toll. on Ex. 365; 2 Black. Comm. 508. See, particularly, *Bennett* v. *Ines*, 30 Conn. Rep. 229, and see the same volume at page 108. We don't think our statute changes the common law in this particular. 2 G. & H. p. 488.

The judgment must be reversed for the error already pointed out. Two other questions might well be examined, in the further progress of the cause.

1. Was not the widow the executrix *de son tort*, and not the person to whom she, as such, disposed of the goods of the deceased? or were both parties such?

2. Did not the subsequently taking out of letters by the widow make good her acts from the decease of her husband; in other words, did not the letters, when taken out, relate back to her first act as executrix *de son tort?*

These questions are worthy of examination; but as they have not been alluded to by counsel, we intimate no opinion upon them. See the authorities, *supra.*

So the question of demand, which has been suggested by counsel, is worthy of fuller examination than it has received.

Generally, a person holding property of another, must be in the condition of a wrong doer before he is liable to suit for such property. Hence, an agent, or bailee, is generally not suable till after demand. But if an agent deny his agency Chit. Cont. 7 Am. ed. 231, note; or if a factor, to whom goods have been consigned for sale, unreasonably neglect to render an account of sale, an action may be maintained

against him for the proceeds without a previous demand, such acts constituting the person a wrong doer. 7 Pick. 214; *Id.* 146; 4 Rawle 223; 24 Wend. 203; Chit. Cont. *supra*, 619, note. See 20 U. S. Dig. Tit. Demand.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*C. C. Nave*, for the appellant.

*P. S. Kennedy*, for the appellee.