Niller, by her next friend, Hirschman, *vs.* Johnson and Danneker.

*Case abated.*

(Decided 9th April, 1867.)

---

ELEANORA NILLER, by her next friend, GEORGE HIRSCHMAN *vs.* JAMES H. JOHNSON, AND JOHN J. DANNEKER, Sheriff of Baltimore City.

*Jurisdiction—Separate property of a married woman—When a judgment offered in evidence is conclusive—Evidence—Witnesses.*

A married woman holding property to her sole and separate use, *bona fide,* is entitled to have the same protected by injunction, from execution levied thereon by creditors of her husband.

Property conveyed by a husband to his wife, as a gift, cannot be reached by a subsequent creditor, unless there is evidence of *fraud in fact.*

The judgment of a Court of competent jurisdiction, when offered in evidence, is conclusive only when the same subject is in issue, and between the same parties, or privies.

The evidence of a witness as to the signature of a person, whose handwriting he was not acquainted with, had never seen him write, and spoke only from a comparison of the handwriting, is not admissible.

Courts of justice will not assume that witnesses have perjured themselves and are not entitled to credit. If testimony be not rebutted, and the character and credibility of the witnesses be not impeached, it will have its due weight and influence with the Court.

APPEAL from the Circuit Court of Baltimore City.

Niller, by her next friend, Hirschman, vs. Johnson and Danneker.

The facts in the case are sufficiently set forth in the opinion of the Court.

The cause was argued before Bowie, C. J., Bartol, Weisel and Crain, J.

*Charles H. Wyatt* and *Wm. Sheppard Bryan* for the appellant, contended:

1st. That the appellant was the *bona fide* owner of the property levied upon, and was entitled to have the same protected by injunction. *Bridges & Wood vs. McKenna*, 14 *Md. Rep.*, 258; *Lewis et al. vs. Levy*, 16 *Md. Rep.*, 85.

2d. Even if the property could be considered as the gift of her husband, (which is not the case,) it was vested in her long prior to the cause of action on which judgment was rendered; and no fraud existing, it could not be reached by a subsequent creditor. *Code of Pub. Gen. Laws, Art.* 45, *sec.* 1; *Atkinson vs. Phillips*, 1 *Md. Ch. Dec.*, 507; *Unger and Wife vs. Price*, 9 *Md. Rep.*, 557; *Mayor and City Council of Baltimore vs. Williams*, 6 *Md. Rep.*, 235; *Williams et al. vs. Banks et al.*, 11 *Md. Rep.*, 198.

3d. The judgment is evidence of the cause of action stated in the declaration, but of no other. The appellee's alleged cause of action filed under the commission, sets forth a contract variant from that stated in the declaration. It is not proven by the judgment; and on the trial at law, or on the execution of the inquisition, it would not have been competent for the respondent to offer such a contract in evidence. *Clarke vs. Gray*, 6 *East.*, 564; *Sheehy vs. Mandeville*, 7 *Cranch*, 208; 1 *Greenl. on Evd.*, secs. 66, 67, 68, 528.

4th. The declaration states no time when the liability of Conrad Niller accrued. An attempt is made to supply this defect by evidence *aliunde*. If the appellee, Johnson, can go into evidence for this purpose, and thus set up an

indebtedness long antecedent to the suit, the enquiry is equally open to the appellant, and she may show that the indebtedness thus sought to be established, did not in point of fact exist. If it were otherwise, she would be bound by evidence which she was denied the opportunity of contradicting. *Hughes vs. Jones,* 2 *Md. Ch. Dec.,* 178; *Thrasher vs. Haines,* 2 *N. H.,* 443; *Vose vs. Morton,* 4 *Cush.,* 27, 31; *Groshon, garn. of McPherson & Thomas vs. Thomas,* 20 *Md. Rep.,* 234.

5th. The evidence shows that the contract filed under the commission, as the cause of action, on which the judgment was obtained was a forgery, and therefore it could not be the foundation of Niller's indebtedness to the appellee, Johnson.

6th. In point of fact there is no evidence, except the judgment, to shew when the indebtedness did accrue. No one shows when the appellee, Johnson, released the mortgage; and until he did this, he had no right of action. Nor is there any evidence to shew that the mortgage was released at all, except so far as that fact is inferred from the judgment.

7th. The judgment, as against the complainant, is only evidence of the fact that the judgment was rendered, and of nothing more; the complainant being neither a party nor privy to the case. 2 *Smith's Leading Cases,* 821, 825; 1 *Greenl. Evd. ss.,* 528, 535, 588; 1 *Starkie Evd.,* 61; *Cecil vs. Cecil et al.,* 19 *Md. Rep.,* 72; *Thrasher vs. Haines,* 2 *N. H.,* 443; *Vose vs. Morton,* 4 *Cush.,* 27, 31; *Garrett vs. Johnson,* 11 *G. & J.,* 173.

*Edward Duffy* for the appellees.

1st. The appellant cannot set up a defence of forgery, even if it were true,—that defence should have been made in the proceedings at law, and equity cannot now inter-fere. The evidence upon that subject, therefore, is inadmissible. *Gott and Wilson vs. Carr,* 6 *G. & J.,* 309;

*Richardson et al. vs. Mayor and City Council of Baltimore,* 8 *Gill,* 433. And the judgment is conclusive, and cannot be impeached, even by third parties, when coming incidentally in question. *Powles et al. vs. Dilley et al.* 9 *Gill,* 222; *Ranoul vs. Griffie,* 3 *Md. Rep.,* 54.

2d. The contract on which the judgment was obtained, not being dated, it is competent to shew its date, and evidence for that purpose may be rebutted; but no enquiry can be made into those matters which were concluded by the judgment. There was no variance, but if there were, the judgment would cure it.

3d. The Statute of Elizabeth applies to contracts as well as debts, if the contract were made before the deed to appellant,—therefore it makes no difference whether the appellee's right of action had accrued or not. 1 *Amer. Lead. Cases,* 42, *note to Sexton vs. Wheaton.*

4th. The proof shows, that the contract was not a forgery, that it was made more than two years before the bills of sale, and that they were mere shams to evade the appellee's claim. For these reasons the decree should be affirmed.

CRAIN, J., delivered the opinion of this Court.

The appellant in this case filed her bill in the Circuit Court of Baltimore city, praying for an injunction to protect her separate property, which had been levied upon to satisfy a judgment against Conrad Niller, her husband, in favor of the appellee, James H. Johnson. The appellant alleged in her bill that the goods and property levied upon were her separate property, and did not belong to her husband, Conrad Niller, and was not answerable for the payment of his debts. The appellees answered her bill, denied the jurisdiction of the Court, but admitted that the property in controversy had been levied upon for the payment of a judgment of the appellee, Johnson, recovered against Conrad Niller in the

Court of Common Pleas of the City of Baltimore; that said judgment was a *bona fide* judgment against Conrad Niller, the husband, and that the property levied upon was the property of Conrad Niller, and denied that the appellant had any interest whatever in the same, and asked for the injunction to be dissolved and the bill dismissed. Issue was joined and a commission issued, under which a variety of testimony, both written and oral, was taken. The Judge of the Circuit Court, on the final hearing of the case, dissolved the injunction and dismissed the bill.

The view which the Judge of the Circuit Court took of the case, dispensed with the necessity of his deciding the question of jurisdiction, but as the want of jurisdiction was relied on in the answer of the appellees, we deem it our duty to declare the question of jurisdiction to be *res judicata*, since the decision in this Court in the case of *Bridges and Woods vs. McKenna*, 14 *Md. Rep.*, 258, recognized and affirmed in *Lewis et al. vs. Levy*, 16 *Md. Rep.*, 85.

After these decisions, if we shall decide, upon examination of this case, that Eleanora Niller, the wife of Conrad, was the *bona fide* owner of the property levied upon, she was entitled to be relieved in equity, and have her property protected by a bill of injunction.

Having thus summarily disposed of the question of jurisdiction, we will consider the claim of the appellant to the goods and property in controversy, as her separate property. From an examination of the evidence, we find she claims the property in virtue of two bills of sale. The first is a bill of sale from Conrad Niller, her husband, to William M. Willis, conveying the property therein mentioned, for the sum of three hundred dollars, and dated the 1st of November, 1862; this bill of sale was duly executed; the *bona fides* of it was supported by the affidavit required by law; the second is a conveyance of

the same property by Willis to Eleanora Niller, the wife of Conrad; this bill of sale is dated the 4th of November, 1862, for the consideration of five dollars.  These bills of sale were duly acknowledged and recorded.  By virtue of these bills of sale, the property vested in the appellant as her separate property, protected from the subsequent debts of the husband.  *Art. 45, sec. 1, of Code of Pub. Gen. Laws.*  These conveyances are valid between the parties to them, and we find no sufficient evidence to impeach the *bona fides* of the bill of sale from Niller to Willis or from Willis to Eleanora, the wife of Conrad. But admitting that they were voluntary conveyances, and that it was a gift from the husband to the wife, unless there is evidence of fraud in fact, the property cannot be reached by a subsequent creditor.  This question was decided by this Court in the case of *Williams et al. vs. Banks et al.*, 11 *Md. Rep.*, 198.  See also, *Atkinson vs. Phillips*, 1 *Md. Ch. Dec.*, 507 ; *Unger and Wife vs. Price*, 9 *Md. Rep.*, 557 ; *Mayor and City Council of Baltimore vs. Williams*, 6 *Md. Rep.*, 235.

Conceding this to be the law, the appellee cannot impeach and set aside this conveyance unless he can show that his claim was prior to the conveyance, and he a subsisting creditor at the time.  For this purpose he has relied on the record of a judgment in the Court of Common Pleas of Baltimore in his favor against Conrad Niller, the husband of the appellant, at May Term, 1864.  The appellee, Johnson, claims for that judgment a conclusive effect on the question in issue.  The principle is well settled that the judgment of a court of competent jurisdiction, when offered in evidence, is conclusive upon the subject matter decided ; but a judgment is conclusive only against parties and privies, on the question adjudicated by it.  Does the record of that judgment establish the fact that the appellee, Johnson, was a subsisting creditor of Conrad Niller on the 4th of November, 1862 ?

Let us examine the record of that judgment to see what was decided, and how far the appellant, a stranger to it, was affected thereby.

The suit was instituted on the 16th of November, 1863 ; in May, 1864, judgment was obtained against Conrad Niller ; no cause of action was filed, and the declaration does not disclose and state the time when the cause of action accrued. The judgment therefore was only evidence of the indebtedness of Conrad Niller to the appellee, Johnson, on the 16th of November, 1863, more than one year after the conveyance to appellant; but no question affecting the rights of the appellant was determined by that suit, as she was neither a party nor privy to it. 2 *Smith's Leading Cases*, 821, 825 ; *Thrasher vs. Haines*, 2 *N. H.*, 443; *Cecil vs. Cecil et al.*, 19 *Md. Rep.*, 72; *Vose vs. Morton*, 4 *Cushing*, 27. It appears from the evidence in this case that the appellee, Johnson, was not satisfied to rest his case on this judgment; it will be found that he produced before the Commissioner a paper purporting to be signed and sealed by Conrad Niller, and attested by W. M. Willis. It was exhibited as the foundation of the appellee's claim against Conrad Niller ; it is not .dated, but by the terms of it the agreement was to be performed before the —— day of June, 1860 ; it purports to be " a covenant or undertaking on the part of Conrad Niller to indemnify Johnson against loss, in consideration that Johnson would release a mortgage claim against a certain house of Willis', also to indemnify and save the said Johnson from all liability, either personally or in his property, to and for the lien claim of Cyrus Gault." This. paper was introduced to show, as the appellees' counsel stated, the date of the contract, and the Judge of the Circuit Court assumed in his opinion that this contract was established by the record of the judgment of the appellee, Johnson, against Conrad Niller. We cannot give our assent to any such proposition. No such cove-

Niller, by her next friend, Hirschman, *vs.* Johnson and Danneker.

nant was filed in the case and declared on. The first notice that the appellant had of it was its production before the Commissioner to be filed as evidence in the cause. We think the appellant had a right to rebut it as evidence affecting her rights, and exercising that right she assailed it as a forgery, and it becomes our duty to examine the evidence and determine whether her allegation is sustained. It is our duty to reject the evidence of N. S. Rogers, one of the witnesses for the appellant, because it is inadmissible to prove the signature of Conrad Niller ; he admitted he was not acquainted with his handwriting, never saw him write, and only spoke from a comparison of hand-writing ; nor do we give much weight to the evidence of Conrad Niller ; but three other witnesses declared that it was not the signature of Conrad Niller.

Courts of justice will not assume that witnesses have perjured themselves and are not entitled to credit ; if the testimony is not rebutted by other witnesses, nor the character and credibility of the witnesses impeached, it will have its due weight and influence with the Court. The appellees did not attempt to impeach these witnesses or rebut their evidence ; and although it appears that W. M. Willis, the attesting witness, was present during the time the evidence was taken, they omitted or declined to call him. On this evidence we must find that the appellee, Johnson, has failed to prove that Conrad Niller signed the covenant, or that he was a subsisting creditor of Conrad at the time his wife acquired the property in controversy, and he has no right as a subsequent creditor to impeach and set aside this conveyance as fraudulent.

Entertaining these views, we reverse the decree of the Circuit Court, with costs, and order the injunction to be made perpetual.

*Decree reversed and*

(Decided 18th April, 1867.)  *injunction made perpetual.*