No. 14,364.

## THE WHITE SEWING MACHINE COMPANY *v.* GORDON.

EVIDENCE.—*Testimony by Comparison of Signature.—Non-Expert Witnesses.— Cross-Examination.*—Where the genuineness of a signature to a bond in suit is in dispute, papers not in evidence in the cause nor admitted to be genuine can not be used for making comparisons between the signatures thereto and the signature whose genuineness is disputed, and it is not error to refuse to allow the plaintiff to cross-examine the defendant's witnesses, who are not experts, and who have not referred to the papers in their direct examination, with reference to the genuineness of the signatures to such papers.

SAME.—*Microscopic Enlargement of Signature.—Inadmissibility of.*—It is not error to refuse to submit to the jury for inspection a microscopic enlargement of a disputed signature, where the original is in court and where it is not proposed to compare it with enlarged copies of signatures admitted to be genuine.

SAME.—*Jury.—Incompetency of Testimony.*—A witness, shown to be acquainted with another's handwriting, may refer to the papers in his possession known to be in the writing of another, for the purpose of refreshing his memory before testifying, but such papers, the signatures to which not having been admitted to be genuine, are not competent testimony to go to the jury.

From the Steuben Circuit Court.

*M. B. Johnson, W. G. Cruxton* and *F. M. Powers,* for appellant.

*D. R. Best* and *E. A. Bratton,* for appellee.

COFFEY, J.—This was a suit by the appellant against the appellee upon a bond which the complaint alleges was executed to the appellant, by the appellee, as surety of one Bush Gordon.

The appellee pleaded *non est factum.* The cause was tried by a jury, resulting in a verdict for the appellee, upon which the court rendered judgment.

The error assigned is, that the court erred in overruling the motion for a new trial.

It is claimed by the appellant that the court erred in refusing to permit it to prove by Asa T. Beebe, and others, witnesses called by the appellee, on cross-examination, that

in their opinion the signatures to two letters, four promissory notes, and a certain claim-file, were the genuine signatures of the appellee. The two letters, a witness called by the appellant testified he had received from the appellee, and that they, among other things, had given him his acquaintance with the appellee's handwriting, and that from his acquaintance with the appellee's handwriting he believed the signature to the bond in suit was genuine.

The four promissory notes were produced by a witness on behalf of the appellant, who testified that he was acquainted with the appellee's signature; that one of the means by which he became acquainted with it was by seeing it to said notes, and that in his opinion the signature to the bond in suit was the appellee's genuine signature.

The claim-file was identified by a witness for the appellant, who testified that the same was acknowledged before him, and that he was acquainted with the handwriting of the appellee, and that, in his opinion, the signature to the bond in suit was his genuine signature.

The letters, promissory notes and claim-file were not papers in this cause, nor were the signatures thereto admitted to be the genuine signatures of the appellee, nor were they read in evidence. They could not under these circumstances be used for making comparison between the signatures thereto attached and the signatures to the bond in suit. *Burdick* v. *Hunt*, 43 Ind. 381; *Huston* v. *Schindler*, 46 Ind. 38; *Jones* v. *State*, 60 Ind. 241. Furthermore, these papers had not been referred to by the witnesses sought to be cross-examined, and were not in any way connected with their testimony, they were not expert witnesses. For these reasons the testimony sought to be elicited was not cross-examination. The court did not, under the circumstances, err in sustaining an objection thereto.

The extent to which a cross-examination shall be conducted is largely in the discretion of the trial court, and such discretion will not be interfered with unless it clearly ap-

pears that such discretion has been abused to the injury of the party complaining. For this reason we can not say that the court erred in refusing to allow the appellant to prove by the appellee on cross-examination that the signatures to the notes and letters above referred to were genuine.

On the trial of the cause the appellant offered, for the inspection of the jury, what purported to be a microscopic enlargement of the signature of the appellee to the bond in suit, and proved by a competent witness that he made it by hand from an image in the camera-lucida. Upon objection made by the appellee, the appellant, by his counsel, stated to the court that he expected to prove by said witness that it was a microscopic enlargement, and a correct enlargement of the signature upon the bond, and that said enlargement showed that after the letter " o " in the word " Gordon " had been made, the pen was put aside to retouch it ; but the court sustained the objection and excluded the enlarged microscopic signature. The witness, however, was permitted to testify fully in relation to said signature, and to its appearance in its enlarged condition.

It is claimed by the appellant that the court erred in excluding from the inspection of the jury the enlarged microscopic signature.

In the case of *Marcy* v. *Barnes*, 16 Gray, 161, it was held that it was not improper to permit the jury to compare magnified photographic copies of genuine signatures with similar copies of the disputed signature, but in this case it was not proposed to compare the enlarged copy of the disputed signature with a similar one of a signature admitted to be genuine. The offer was to furnish such enlarged copy merely for the inspection of the jury.

It seems to be well established that photographs are not admissible in evidence when the original can be produced in court, photographs at best being secondary evidence. Rogers Expert Testimony, section 144; *Matter of Foster's Will*, 34

Mich. 23; *Eborn* v. *Zumpelman*, 47 Texas, 503; *Niller* v. *Johnson*, 27 Md. 6; *Tome* v. *Parkersburg, etc., R. R. Co.*, 39 Md. 36.

The enlarged signature offered to the jury in this case was, at most, a mere copy, while the original was in court. Had it been desirable that the jury should examine the signature in question with the aid of a microscope, we know of no reason why they should not have been permitted to do so; but the admission of what purported to be an enlarged copy of such signature opened the door to innumerable collateral questions. We do not think the court erred in refusing to submit to the inspection of the jury this enlarged copy of the signature in question, as it was not proposed to compare it with enlarged copies of signatures admitted to be genuine.

It is also claimed by the appellant that the circuit court erred in refusing to admit in evidence the letters and promissory notes herein before referred to in this opinion. In the exclusion of these letters and notes we do not think the court erred. The witnesses having them in possession had the right to refer to them for the purpose of refreshing their memories before testifying, and in corroboration of their testimony, addressed to the court, upon the subject of their competency to testify, but they were not competent testimony to go to the jury. *Thomas* v. *State*, 103 Ind. 419.

They had no connection whatever with the case on trial. As the signatures thereto were not admitted to be genuine, they could not, as we have seen, be compared with the signature to the bond in suit. There was no issue in the case upon which they could have thrown any light.

Finally, it is contended by the appellant that the verdict of the jury is not supported by the evidence in the cause.

The appellee testified on the trial of the cause that he did not sign or execute the bond in suit. There is much testimony in the cause tending to corroborate him. The record presents a case where there is a conflict in the evidence upon all the material points in the case. It has been so often de-

cided, and is so well settled, that this court will not undertake to weigh conflicting evidence, that we need cite no authority upon the subject.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed June 26, 1890.