## LINGG v. STATE, EX REL. WEITZEL.

[No. 3,232.    Filed October 24, 1901.    Rehearing denied January
17, 1902.]

EVIDENCE.—*Letters.*—No error was committed in refusing to admit
in evidence in the trial of a bastardy proceeding a letter purport-
ing to have been written by relatrix to defendant, where relatrix
testified that she did not write it, and it was not shown that it
was received in due course of mail or that it was genuine.

From Dearborn Circuit Court; *N. S. Givan,* Judge.

Action by State on the relation of Luetta Weitzel
against George Lingg. From a judgment for plaintiff,
defendant appeals. *Affirmed.*

*G. M. Roberts* and *W. R. Johnston,* for appellant.

WILEY, P. J.—Appellant was the defendant below, and
was adjudged to be the father of the relatrix's bastard child.
His motion for a new trial was overruled, and such ruling
is the only error assigned. There were three reasons as-
signed in the motion for a new trial, one of which was the
alleged error of the court in refusing to permit the defend-
ant to introduce in evidence a letter offered by him, and
which purported to have been written by the relatrix. The
appellee has not filed any brief, and the only question dis-
cussed by appellant is the refusal of the court to permit
him to read such letter in evidence.

Under the evidence, the jury were fully warranted in find-
ing that appellant was the father of the child, and that he
furnished the relatrix money with which to go to Cin-
cinnati, and remain in a hospital during her accouchement.
It is also shown by the uncontradicted evidence that while
she was at the hospital, he went there to see her.

The letter which he offered to introduce in evidence pur-
ported to have been written to appellant by the relatrix,
and the name signed to the letter was "Lu Weitzel." It is

not dated, nor does it appear from the letter itself that it was written from Cincinnati. On cross-examination the relatrix was shown the letter, and after examining it, testified that she did not write it, and pronounced it a forgery. She admitted that she did write him a letter while she was in the hospital, but not the one offered in evidence. It also appears from the evidence that when appellant got the letter it had been opened. Appellant was a witness in his own behalf, and testified that his wife gave him the letter upon his return home one evening. It is not shown that the letter was postmarked at Cincinnati, nor whether it was received in due course of mail. The envelope in which the letter was enclosed was not produced at the trial, and no evidence was offered that it was postmarked at Cincinnati. After the relatrix had denied writing the letter, and pronounced it a forgery, appellant made no attempt to prove that it was in her handwriting, or that her signature was attached to it. Upon the face of the letter, it contained nothing that would throw any light upon the matters in controversy. Under these facts, the letter was not admissible, and the ruling of the court in refusing to let it be read in evidence was correct. Mr. Greenleaf lays down the rule that, in general, all private writings must be proved to be genuine, before admissible in evidence. 1 Greenleaf on Ev. §557. See, also, *Grubb* v. *State*, 117 Ind. 277; *White Sewing Mach. Co.* v. *Gordon*, 124 Ind. 495, 19 Am. St. 109; *Baltimore, etc., R. Co.* v. *McWhinney*, 36 Ind. 436.

In Alabama, it was held that a letter received through the mail, not in response to a previous letter written to the purported writer, was not admissible in evidence against the writer without proof of its genuineness. *O'Connor, etc., Co.* v. *Dickson*, 112 Ala. 304, 20 South. 413.

In New York it was held that evidence of the receipt of a letter purporting to have been written by a person and mailed at his place of residence, is not sufficient to authorize its introduction in evidence against the alleged writer, in

the absence of proof that he either wrote or authorized it to be written. *Nichols* v. *Kingdom, etc., Co.*, 56 N. Y. 618. In Pennsylvania, a similar rule has been declared. *Sweeney* v. *Tenmile Oil, etc., Co.*, 130 Pa. St. 193, 18 Atl. 612.

Upon the facts as disclosed by the record, and under the authorities, the letter offered was clearly inadmissible in evidence.

Judgment affirmed.