ARMSTRONG *v.* HALLECK, ADMINISTRATOR.

[No. 12,728.    Filed June 8, 1927.    Rehearing denied November 1, 1927.]

1. APPEAL.—*Sustaining demurrer to good paragraph of answer, when harmless error.*—Sustaining a demurrer to a good paragraph of answer is harmless error when all the facts pleaded therein could have been given in evidence under the general denial.    p. 442.

2. EXECUTORS AND ADMINISTRATORS.—*Jury's decision as to amount due administrator from defendant will not be reversed on appeal.*—In an action by an administrator to recover funds alleged to belong to the estate and converted to the defendant's own use, the amount of the recovery was a question for the jury, and its decision will not be reversed on appeal.    p. 443.

3. WITNESSES.—*Extent of cross-examination within sound discretion of trial court.*—The extent to which the cross-examination of a witness shall be carried rests in the sound discretion of the trial court, and the court's ruling thereon will not be interfered with unless it clearly appears that there has been an abuse of such discretion to the injury of the complaining party.    p. 443.

From Jasper Circuit Court; *George A. Williams,* Judge.

Action by Charles A. Halleck as administrator of the estate of Mary J. Ballinger, deceased, against Charles

A. Armstrong. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Hanley & Hanley,* for appellant.
*Halleck & Halleck,* for appellee.

THOMPSON, C. J.—This action was brought against appellant by the appellee as administrator of the estate of Mary J. Ballinger, deceased.

The first paragraph of complaint alleged, in substance, that appellant was indebted to said estate for money had and received of decedent during her life, and from the estate after her death, in the sum of $2,284. The second paragraph alleged that appellee was the duly qualified administrator of the estate of Mary J. Ballinger, deceased, who died intestate; that appellant was a son of said decedent, and that during the latter part of her life appellant acted as her adviser in matters relating to her property, including the depositing of money in the bank and the lending to appellant of pension money received by decedent, as the widow of Harrison Armstrong her first husband, from the United States government; that appellant deposited in the bank, for decedent, about $2,300 of said pension money; that appellant himself drew checks against this account and exercised absolute control over the same without decedent's knowledge and regardless of decedent's rights thereto; that decedent herself never drew checks against said account or received any benefits therefrom; that said money should have been available to appellee as administrator of decedent's estate, and would have been so available had appellant not dishonestly converted the same to his own use; that appellant had failed to turn over to appellee, on the latter's request, the said sum of money. The third paragraph alleged that at the time of decedent's death there was on deposit in her name, in bank, a checking account of $235 and a deposit cer-

tificate of $832; that appellant, after decedent's death, unlawfully withdrew said sums from the bank, without the knowledge or consent of the other heirs, and converted the same to his own use, and that appellant refused to turn over said money to appellee, the administrator of said estate.

Appellant filed answer in three paragraphs, the first. being a general denial, the second alleging a gift *inter vivos,* and the third alleging that decedent, at the time of her death, held in bank a checking account of $235, and that after her death appellant paid out for funeral expenses the sum of $397.50, and for lumber and digging the grave the sum of $7.50, all for the benefit of the estate.

Appellee demurred to the second and third paragraphs of answer, which demurrer was overruled as to the second paragraph and sustained as to the third paragraph.

There was a trial by jury on the issues thus formed, and a verdict was returned for appellee for the recovery of $901.33. Judgment was rendered on said verdict, and appellant's motion for a new trial was overruled.

The alleged errors relied upon for reversal are: (1) The trial court erred in sustaining appellee's demurrer to appellant's third paragraph of answer; (2) the court erred in overruling appellant's motion for a new trial. Under this second assignment of error appellant asks that this court also consider his reasons as set forth in the motion for a new trial.

Regarding the first assignment of error, appellant on the trial of the case was permitted without objection to introduce evidence as to the matters set out 1. in the third paragraph of answer. The court instructed the jury that if it found from the evidence that appellant had paid out an amount of money for the funeral and burial expenses of decedent, Mary Ballinger, equal to or greater than any amount he may

have transferred from decedent's checking account to his own account, then the appellee would not be entitled to recover. If there was any error in sustaining the demurrer to said answer, it was harmless, as the evidence was admissible under the general denial. See *Reagan* v. *Long's Admx.* (1863), 21 Ind. 264; *Gerard* v. *Jones, Admr.* (1881), 78 Ind. 378; *Swope* v. *Paul* (1891), 4 Ind. App. 463, 31 N. E. 42.

The amount of recovery, of which appellant complains as being too large, was a question to be determined by the jury, and, under the evidence as disclosed 2. by the record, we do not feel justified in disturbing the judgment on account of the amount thereof.

Appellant also complains of the overruling of appellant's objections to a question propounded to the witness Maude Beecraft by the counsel for appellee 3. on cross-examination, and also a similar question propounded to the witness Pearl Hanson on cross-examination. The extent to which a cross-examination shall be conducted is largely in the discretion of the trial court, and such discretion will not be interfered with unless it clearly appears that it has been abused to the injury of the complaining party. See *The White Sewing Machine Co.* v. *Gordon* (1890), 124 Ind. 495, 24 N. E. 1053; Ewbank's Manual of Practice, §281.

Appellant further contends that the evidence, without contradiction, showed that the certificate of deposit of $832 mentioned in appellee's third paragraph of complaint was given to him, but, after careful consideration, we find that there was evidence to support the verdict of the jury.

The instructions given by the court fully covered the law of the case, and we find no reversible error in the giving or refusal of any instructions tendered.

Affirmed.