## VEST v. WEIR and Another.

A person being in possession of 80 acres of land belonging to the *United States*, upon which he had erected a mill, but to which land he had no claim, sold his possession for 350 dollars and received the purchase-money. He informed the purchaser, at the time of the contract, that he had no title, and that the land belonged to the *United States*. The purchaser afterwards sued the vendor, in *indebitatus assumpsit,* to recover back the purchase-money. *Held,* that the action could not be sustained.

ERROR to the *Washington* Circuit Court.

*Thursday,
December* 17.

BLACKFORD, J.—This was an action of *indebitatus assumpsit* brought by *Weir* and *Weir* against *Vest.* The declaration contains a count for money lent and advanced, and money paid by the plaintiffs to the defendant, and for money had and received by the defendant for the plaintiffs; and also a count on an account stated. Damage 500 dollars.

A bill of particulars, filed by the plaintiffs, states their demand to be as follows:—"*William Vest*, jun., to *Hugh* and *Joseph Weir*, Dr. To the amount of the consideration paid by the said *Weirs* to the said *Vest*, for which he was to convey to the said *Weirs* the west half of the north-west quarter of section number two, in township number three north of range number two east, containing 80 acres; the said *Vest* never having had any title to the same, and having wholly failed to make any title, it being wholly out of his power to do so,—350 dollars. Also to interest on the above, &c." (1).

To this action the defendant pleaded non assumpsit. Verdict in favour of the plaintiffs for 350 dollars. The defendant

moved for a new trial, but the motion was overruled, and judgment was rendered for the plaintiffs on the verdict.

The plaintiffs complain, that the defendant contracted for the future conveyance to them of a certain tract of land; that they paid the consideration-money; and that the defendant, having no title, had failed to make the conveyance. They state further, that, considering themselves authorised to disaffirm the contract, they have brought an action of *indebitatus assumpsit* to recover back the money paid by them to the defendant.

The substance of the evidence, according to a bill of exceptions, is as follows:—The defendant was in possession of the land mentioned in the bill of particulars, on which there was a saw mill erected by him. The defendant was a trespasser on the land, without any pretence or colour of title. He sold his possession to the plaintiffs for 350 dollars, telling them at the time that he had no title to the premises, and that the land belonged to the *United States*. This evidence does not support the action. The money for which the action is brought, is not proved to have been paid on such a contract as is described by the bill of particulars.

There is also another reason why no action will lie in this case. The record shows, that the payment made by the plaintiffs to the defendant for his possession of the land, was a *voluntary* payment with a full knowledge of all the facts. The money was not paid by mistake. There was no fraud in the transaction; nor was there any warranty either expressed or implied. When money is paid under circumstances like these, it cannot be recovered back.

The evidence, therefore, does not support the verdict, and the defendant was entitled to a new trial.

*Per Curiam.*—The judgment is reversed and the verdict set aside with costs. Cause remanded, &c.

*H. P. Thornton*, for the plaintiff.

*J. Rowland*, for the defendants.

(1) When the plaintiff declares generally, as for work and labour, goods sold and delivered, &c., the Court, (or a Judge in *England*,) on motion, will order that he furnish the defendant with a bill of particulars, and that the proceedings in the mean time be stayed. So, in debt on bond conditioned for the performance of covenants, or to indemnify, &c., a particular of the breaches sued for may be required. 1 Tidd, 508. So, in an action by a vendee against a

vendor, where the declaration stated that the abstract of title delivered was "insufficient, defective, and objectionable," the Court obliged the plaintiff to give a particular of all objections to the abstract arising on matters of fact. *Collett* v. *Thompson*, 3 Bos. &. Pull. 246. So, in an action by a vendee to recover back his deposite, because the conditions of the sale had not been complied with, the defendant may have a particular of the grounds on which the plaintiff seeks to recover. *Squire* v. *Tod*, 1 Camp. 293.

The bill of particulars should in general contain a precise and detailed account of the several items which constitute the ground of the plaintiff's demand, specifying the dates, somewhat in the nature of a tradesman's bill; and when there have been mutual dealings, or payments have been made on account, the particulars for which it is intended to give credit, and the balance for which the plantiff seeks to recover, should also be stated. Bagley's Prac. 204. For the forms of bills of particulars, see Arch. Forms, 541.—3 Chitt. G. Pr. 616.

An order for the particulars of a set-off may be obtained in all cases in which, had the set-off been declared on, the defendant could have called for the particulars; and if the order in such case be not complied with, evidence of the set-off will not be admitted. 2 Arch. Pr. 221.