*C. B. Smith* and *R. S. Cox*, for the defendant.

---

Hunt *v.* Butcher.

A bond for costs, filed by a non-resident plaintiff, was for the payment of the costs which had or might accrue in the case, *provided judgment be given against the plaintiff.* *Held*, that the bond was insufficient.

ERROR to the *Putnam* Circuit Court.

Sullivan, J.—Debt. The only question in this case arises on the judgment of the Circuit Court, dismissing the suit for want of security for costs. The plaintiff was a non-resident, and at the commencement of the suit had given a bond with security for the costs, but the surety became insolvent, and

May Term,
1840.

HUNT
v.
BUTCHER.

at *November* term, 1838, the Court made an order requiring the plaintiff to give other security within 120 days, and on failure to do so, that the suit be dismissed. The plaintiff failed to give the security required, and at the next term, the defendant moved to dismiss the suit. The plaintiff thereupon tendered a bond in the following words, viz. "I hereby acknowledge myself held and firmly bound unto *James Butcher*, for the payment of the costs which have or may accrue in the case of *Absalom Hunt* against him in the *Putnam* Circuit Court, *provided judgment be given against said Hunt.* Witness, &c." The Court refused to receive the bond, and dismissed the cause. This writ of error is prosecuted to reverse that judgment.

It is not necessary in the present case to determine, whether the failure of the plaintiff to file a bond with security within the 120 days was a sufficient cause for dismissing the suit. Independently of any question arising on that point, we think the judgment should be affirmed. The statute requires that, in suits commenced by a non-resident, bond with security shall be given for the payment of all costs that may accrue in consequence thereof, either to the opposite party or to the officers of the Court. By the bond tendered, the surety obligated himself to pay the costs only in the event of judgment being given against the plaintiff. This does not meet the statute, for whether judgment be given against the plaintiff or not, he is liable to the officers of the Court for his own costs, and they are taxed against him. If successful in his suit, he recovers judgment against the defendant for the amount expended by him, and by that means is reimbursed. The Circuit Court, therefore, did right in rejecting the bond.

*Per Curiam.*—The judgment is affirmed with costs.

*A. Kinney* and *S. B. Gookins*, for the plaintiff.

*C. P. Hester*, for the defendant.