SulliyAN, J.
Trover by Newby against the plaintiffs in error. Plea, the general issue. The parlies made an agreed case which was submitted to the Court for decision. The facts as stated in the agreement were as follows: Newby, who was a constable of Posey county, having an execution against the goods and chatties of one John Corwin, levied it on a mare as the property of Corwin. The mare was claimed by one Kin- *475 chelae, and the right of property was tried and found to.be in Kmcheloe. During the pendency of the trial, Newby put the mare into the possession of the plaintiffs in error, one of whom was the plaintiff in the execution against the goods and chattels of Corwin, and took from them an *instru-nient of writing, by which they bound themselves to return the mare to Newby if, upon the trial of the right -of property, it should be decided that she belonged to Kinaheloe, or on failure to return, to pay him $35.50. After the trial of the right of property, the plaintiffs in error tendered to Newby $35.50, but would not return the mare. Neioby refused the money and brought this action. On the foregoing facts, the Court gave judgment for the plaintiff below.
Newby acquired possession of the property originally by a wrongful act. On an execution against the goods and chattels of Corwin, he seized the property of Kincheloe. He was a trespasser, and acquired no right to the property seized. The rightful owner claimed his property, and its restoration was adjudged to him.
If, however, it be admitted that Newby acquired a special property in the mare by virtue of the levy, that right of property ceased so soon as it was determined that the mare belonged to Kincheloe. Walpole v. Smith, 4 Blackf., 304. From that moment, he had neither a right of property nor of possession; and to maintain trover he must have both. Pyne v. Dor, 1 T. R., 55; Gordon v. Harper, 7 T. R., 9; Pain v. Whittaker, R. & Moody, 99; Philips v. Robinson, 4 Bing., 106.
The plaintiffs in error were liable to Kmcheloe for the mare or her value, and a judgment against them in favour of Newby, or a payment by them of the $35.50 to Newby according to their agreement with him, would not have released them from that liability!
We are therefore of opinion that, upon the facts disclosed, Newby has no remedy against the plaintiffs in error in this form of action. If Kincheloe had sued Newby and recovered from him the value of the mare, the case might have presented a different aspect.
J. Lockhart and A. Clark for the plaintiffs.
J. Pitcher, for the defendant.
Per Curiam.—The judgment is reversed with costs. ' Cause remanded, &c.