May Term,
1845.

HARDING
v.
GRIFFIN.

Wednesday,
July 23.

Wednesday,
July 23.

---

HARDING v. GRIFFIN.

The refusal to dismiss the suit of a non-resident plaintiff for the insufficiency of a bond for costs, is not error of which the defendant can complain, if *his* costs are secured by the bond.

A defendant in assumpsit, who pleads the general issue with notice of set-off, and furnishes a bill of particulars of the matters of set-off, is confined in his proof to the bill of particulars.

Under a general charge, in such bill, of cash to a certain amount, the defendant will not be permitted to prove that, in the capacity of executor, he had overpaid the plaintiff a legacy left him by the defendant's testator.

Wednesday,
July 23.

ERROR to the *Marion* Circuit Court.

DEWEY, J.—Assumpsit. The plaintiff, being a non-resident and having been ruled to give security for the costs, filed a

bond conditioned that she "should pay all costs which she
should be adjudged to pay to the defendant, or to the officers
of Court." The defendant moved the Court to dismiss the
action for the want of a sufficient bond. The motion was
overruled. The declaration contained the common counts.
Among other pleas, the defendant pleaded the general issue,
with notice of set-off. The notice was in general terms, con-
taining the substance of the common counts of a declaration.
The defendant's bill of particulars, furnished at the request
of the plaintiff, contained the following item, viz.: "*October*
11th, 1837, cash 100 dollars." Trial by the Court, and judg-
ment for the plaintiff.

On the trial, the defendant offered in evidence a receipt
dated *October* 11th, 1837, and signed by the plaintiff, by
which she acknowledged that she had received of the defend-
ant, as the executor of one *Holmes*, 100 dollars, part of a
legacy left her by *Holmes*. The object of the defendant was
to show, by the receipt and other evidence, that he had over-
paid to the plaintiff the legacy given her by *Holmes*, to the
amount contained in the receipt. The plaintiff objected to
the receipt, and it was excluded.

The errors assigned are the overruling the motion to dis-
miss the action for want of security for the costs, and the
rejection of the receipt as evidence.

As to the first point, the statute requires suits commenced
by non-residents to be dismissed, unless the plaintiff shall
file a bond with surety, conditioned for the payment "of all
costs which may accrue in the action, either to the defend-
ant, or the officers of the Court." R. S. 1843, p. 675. We
have decided, under a similar statute, that a bond which
stipulated that the plaintiff should pay the costs which might
accrue in the cause, "provided judgment should be given
against him," was insufficient; and that the action was pro-
perly dismissed for that reason. *Hunt* v. *Butcher*, 5 Blackf.
341. We see no material difference between the bond in
that case and the one under consideration. Neither afforded
any security to the officers of the Court for their fees, in the
event of the suit's resulting in favour of the plaintiff. One
object of both statutes was to make the officers secure, let
the action terminate as it might. It would have been proper,

May Term, 1845.

had the Circuit Court dismissed this action, because the bond did not effect that object. But we do not think the refusal to do so is an error of which the defendant can complain. *His* costs were amply secured by the bond; he, therefore, sustained no injury by the decision of the Circuit Court.

As to the other point, we do not think the rejection of the receipt as evidence was erroneous. The defendant's legal evidence was confined to his bill of particulars, which was in the form of an account between the parties, individually; and the charge of 100 dollars, on the 11th of *October*, 1837, was an item of that account; it purported to be an ordinary charge of cash by one individual against another. The receipt was a link in a proposed chain of evidence, having for its object to show that the defendant, in the capacity of executor, had overpaid the plaintiff a legacy left her by the testator represented by the defendant. The general charge of 100 dollars cash, in the bill of particulars, was not calculated to apprize the plaintiff of such a design, and to induce her to be prepared with such rebutting testimony as might have been in her power.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*O. H. Smith, H. O'Neal,* and *S. Yandes,* for the plaintiff.
*W. W. Wick* and *L. Barbour,* for the defendant.