RODGERS *v.* SMITH.

The maxim, *caveat emptor,* is usually applied with strictness to the purchase of goods at execution sales. The sheriff does not warrant the title of the execution-defendant but sells whatever title or interest the latter may have, and if the buyer chooses to purchase a doubtful title to the property offered for sale, he cannot claim to be released from the payment of his bid upon the ground that the title was imperfect.

*Thursday,
May 29.*

ERROR to the *Dearborn* Circuit Court.

SMITH, J.—This was a proceeding, by notice and motion, under the statute, instituted by *Smith,* a sheriff, against *Rodgers,* a purchaser at an execution sale, to recover the difference between the amount of his bid, and the amount for which the property was subsequently sold, *Rodgers* having failed to comply with the conditions of the sale.

*Rodgers,* the defendant below, filed three pleas, upon all of which issues were joined.

The first plea averred that there was no such judgment as that described in the notice.

The second plea was, that the property he bid off, was not the property of the execution-defendant.

The property described in the notice was a certain frame building, the personal goods and chattels of one *Piatt,* against whom a judgment had been rendered in favor of the *State Bank of Indiana.*

On the trial the plaintiff gave in evidence a judgment corresponding with that described in the notice, and an execution by virtue of which the property was sold to the defendant. The returns upon the execution show that on the 29th of *September,* 1845, the property levied upon was sold to *Rodgers* for 100 dollars, and he having failed and refused to pay the purchase-money, it was again exposed to sale on the 3d of *July,* 1846, and sold to one *Carey* for 5 dollars.

There was evidence that *Piatt,* the execution-defendant, built the tenement on land belonging to another person, but about a year or eighteen months previous to the sale to *Rodgers, Piatt* had sold it to one *Hoover,* and the

latter person had sold it to one *Fox*, who had possession of it at the time of the sale by the sheriff. *Fox* was present at the sale to *Rodgers*, and notified the bidders that the house was his property, or that he claimed it. There seems to have been a controversy as to the ownership, and *Fox* told *Rodgers*, he would rather *Rodgers* would buy it if it had to be sold.

The cause was submitted to the Court and the plaintiff obtained a judgment for the amount claimed by him with 10 *per cent.* damages.

We think the judgment must be affirmed. It is not claimed that any misrepresentations were made to the defendant below to induce him to bid for the property, but he appears to have purchased with full knowledge of the controversy as to the title. The maxim *caveat emptor* is usually applied with strictness to the purchaser of goods at execution sales. The sheriff does not warrant the title of the execution-defendant, but sells whatever title or interest the latter may have. If, therefore, the defendant below chose to purchase a doubtful title to the property offered for sale, he cannot claim to be released from the payment of his bid upon the ground that the title was imperfect. *Vest* v. *Weir*, 4 Blackf. 135.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*D. Macy* and *S. Gazlay*, for the plaintiff.

*J. Ryman*, for the defendant.