By the Court. Duer, J.
It is not necessary now to determine whether it was competent to the defendant to show under *256 the pleadings that he was himself the owner of the property in question at the time of its alleged conversion, but we are clearly of opinion that it was competent to the defendant to show that the plaintiff was not the owner of the property, and as such entitled to its immediate possession at the time mentioned in the complaint. It was this issue that the pleadings raised, and which the complaint tendered by express words, and it was upon the truth of the allegation in the complaint that the plaintiff’s right to maintain the action was entirely rested; to maintain his action, he was bound to prove the truth of the allegation, and we see no reason to doubt that the defendant, under the denial in his answer, was legally entitled to contest its truth. The case is not analogous to those in which the averment in a complaint of the ownership of the plaintiff is a mere conclusion of law from facts previously stated, and therefore not the proper subject of an issue. The averment in this complaint is not a conclusion of law, for no facts are stated from which such a conclusion would follow. It is not a conclusion of law but the affirmation of a fact, the truth of which the defendant, by not denying, would have admitted, and thereby have released the plaintiff from the necessity which the complaint imposed upon him of proving it upon the trial.
We are also of opinion that, under the denial in the answer, it was competent to the defendant to disprove the allegation in the complaint by showing that, at the time of the alleged conversion of the property, the ownership and right of possession were not in the plaintiff, but in Mrs. Jackson. As it had been proved that the plaintiff was once the owner of the property, the proof that was offered that he was not the owner at the time of the alleged conversion, was exactly of the character by which the denial in the answer could alone be sustained. To reject the offer was to treat the denial in the answer as irrelevant and immaterial. We think the proof ought not to have been excluded, and that its exclusion was error.
We also think that the defendant’s counsel was entitled to go to the jury upon the question, whether the title which the plain-* tiff had acquired was not subsequently divested by an executed agreement between him and the former owners of the property? There was a real conflict in the evidence upon this question, and that on the part of the defendant had been received without ob* *257 jection. We think that the question was material, and, as such, ought to have been submitted to the determination of the jury. The charge of the court was, therefore, erroneous in submitting to the jury, as the only questions in the cause, the taking and value of the property.
For these reasons, without adverting to other exceptions, the judgment for the plaintiff must be reversed, and there must be a new trial, with costs to abide the event.