## GOODWIN *v.* WALLS.

ASSIGNMENT OF ERROR.—On appeal to the Supreme Court, causes for a new trial cannot properly be assigned as errors.

BILL OF PARTICULARS.—*Motion to Make More Specific.*—Where, in a bill of particulars filed with a pleading, the account set out consisted of the fees of a district attorney in a number of cases, and the items were merely statements of the names of the parties in each case, with the amount of the fee carried out in figures, a motion of the adverse party to require the

Goodwin *v.* Walls.

pleader to make such bill more specific, by giving the dates of the prosecutions and the courts in which they were prosecuted, it was held, presented a reasonable request, and should have been sustained.

JUSTICE OF THE PEACE.—*Jurisdiction.*—*Amendment on Appeal.*—Where, on an appeal from a justice of the peace to the circuit court, the parties had leave to amend their pleadings, and the plaintiff filed an amended complaint setting out a cause of action for an amount larger than that of which the justice had jurisdiction, he could not complain of an answer thereupon filed, because the claim of the defendant therein set out was for a larger amount than that of which the justice had jurisdiction.

DEMURRER.—*Reply.*—There is no error in sustaining a demurrer to a special paragraph of reply which puts in issue nothing not put in issue by a remaining paragraph of general denial.

From the Boone Circuit Court.

*G. H. Goodwin,* for appellant.

*W. B. Walls* and *J. Claybaugh,* for appellee.

DOWNEY, J.—Action by the appellant against the appellee, before a justice of the peace. The appellant was prosecuting attorney, and the appellee was his deputy. They had an agreement for dividing the fees taxed and collected, and the plaintiff alleged in his complaint that the defendant had in his hands two hundred dollars collected by him, due to the plaintiff, which he refused to pay over.

Before the justice of the peace, the defendant appears to have answered, and there was judgment against him in favor of the plaintiff, for twenty-five dollars.

In the circuit court, after a trial in which the jury failed to agree, the court granted leave to both parties to amend their pleadings. Accordingly, the plaintiff, at the next term, filed an amended complaint, in the sum of four hundred dollars, accompanied by a bill of particulars.

The defendant answered in three paragraphs:

1. A general denial.

2. That the plaintiff was elected and qualified district attorney for the twenty-fourth judicial district, etc., in the fall of 1872, said district being composed of the counties of Boone and Clinton, etc., and in October, 1872, appointed the defendant deputy prosecuting attorney for the county of

Boone, in, etc., and agreed to pay defendant one-half of all the fees taxed before the justices' courts and common pleas and circuit court of said county, while the defendant was acting as plaintiff's deputy; and in July, 1873, the defendant resigned his appointment as such deputy, and the plaintiff received such resignation, and notified defendant, at the time, not to collect any of the fees taxed by any of said courts; and the defendant says that during the time he so acted as plaintiff's deputy, there were taxed in the several courts attorney's fees in favor of the plaintiff, for services rendered by the defendant for the plaintiff, amounting to six hundred dollars, a bill of particulars of which is filed, etc.

3. That when this action was commenced, the plaintiff was, and still is, indebted to him in the sum of six hundred dollars, upon an account, etc., and defendant offers to set off, etc., and demands judgment, etc. The account is the same as that filed under the second paragraph.

The plaintiff moved the court to reject the second and third paragraphs of the answer, for the following reasons:

"1. Because the said action was first brought and tried before a justice of the peace, and that said justice had no jurisdiction to try a cause in which so large an amount was involved as now appears from the said paragraphs.

"2. Because the said paragraphs were not pleaded before the justice.

"3. Because the said paragraphs are pleaded in violation of rule of this court.

"4. Because they, and each of them, are irrelevant and not pertinent to the issues in said cause."

The plaintiff also moved the court to require the defendant to make his bill of particulars more specific, by giving the dates of the said prosecutions and the courts in which they were prosecuted. These motions were overruled, and the plaintiff excepted. He then demurred, for want of facts, to the second and third paragraphs of the answer; and the demurrers were overruled, and he again excepted.

The plaintiff next replied to the answer:

1. A general denial.

2. That the defendant was to receive only one-half of the fees taxed and collected in cases before justices of the peace, and in no other cases; and the defendant's claim is for prosecutions in which there were no convictions, or cases in which fees were taxed but not collected; and that none of said claim is due to the defendant.

The defendant demurred to the second paragraph of the reply, for want of facts, his demurrer was sustained, and the plaintiff excepted.

The issues were tried by a jury, and there was a verdict for the defendant for twenty-five dollars. The plaintiff moved the court to grant him a new trial, which motion was overruled, and final judgment was rendered for the defendant, according to the verdict.

It is alleged that there are the following errors apparent in the record:

1. The finding of the court is contrary to evidence, and the judgment of the court is contrary to law.

2. The finding and judgment are contrary to law and evidence; the finding and judgment should have been for the plaintiff.

3. The court erred in overruling the motion of the plaintiff to grant a rule against the defendant to make his answer and bill of particulars more specific.

4. The court erred in overruling the plaintiff's motion to reject the second and third paragraphs of the defendant's answer.

5. The court erred in overruling the plaintiff's demurrer to the second and third paragraphs of the defendant's answer.

6. The court erred in sustaining the demurrer to the second paragraph of the plaintiff's reply.

7. The court erred in overruling the motion of the plaintiff for a new trial.

The first and second assignments of error are but reasons for a new trial, and as assignments of error present no question.

As to the third alleged error, it appears that the defendant's bill of particulars consists of the usual heading, and, following that, a statement of the names of the parties in each case, with the amount of the fee carried out in figures. The motion of the plaintiff was, that the defendant "make the bill of particulars more specific, by giving the dates of the said prosecutions and the courts in which they were prosecuted."

It seems to us that this was a reasonable request, and that the court should have made the order. The information was necessarily more in the power of the defendant than that of the plaintiff. It was but fair to the plaintiff that he should have such particulars as would enable him to make the inquiries about the cases that were requisite to enable him properly to meet the claims. 2 G. & H. 105, sec. 79; *Vest* v. *Weir,* 4 Blackf. 135, n. 1, and authorities cited.

With reference to the fourth alleged error, it seems to us that we must hold that the plaintiff, by filing a claim in the circuit court for four hundred dollars, an amount greater than that of which the justice of the peace had jurisdiction, must be regarded as thereby consenting to the enlargement of the amount of the claim of the defendant. The plaintiff cannot fairly claim to increase the amount of his demand to an amount beyond two hundred dollars, and at the same time insist that the defendant's demand shall be kept at or below two hundred dollars.

We do not see that there was any error in overruling the demurrers to the second and third paragraphs of the answer. They seem to us to be good answers.

There was no error in sustaining the demurrer to the second paragraph of the reply. It put in issue nothing which was not put in issue by the general denial.

The evidence is not in the record, and, therefore, we can decide nothing under the seventh alleged error.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a more specific bill of particulars, and for further proceedings.