No. 7379.

## The Trayser Piano Co. v. Kirschner.

PRACTICE. — *Motion to have Pleading made Specific.* — *Supreme Court.* — Defects and uncertainties in a pleading which states sufficient facts can not be reached by demurrer, but only by a motion to make certain or to supply the defect; and the Supreme Court will not reverse a judgment on account of the refusal of the court to sustain such a motion, unless it be made to appear that the party has, or reasonably may be presumed to have, suffered harm from such ruling.

From the Wayne Circuit Court.

*C. H. Burchenal*, for appellant.

*A. C. Lindemuth* and *H. U. Johnson*, for appellee.

WOODS, J.—Action by the appellee against the appellant. Finding and judgment for the plaintiff. The assignments

The Trayser Piano Company v. Kirschner.

of error are predicated on the action of the court in over-
ruling the demurrers of the appellant to the respective para-
graphs of the amended complaint, its motion to have the
plaintiff required to make some of the paragraphs more
specific, and its motion for a new trial, to each of which
rulings exception was taken.

Counsel for the appellant has made no argument or sug-
gestion in reference to the motion for a new trial. We are
therefore relieved from considering it. There is, too, no
question in the record in reference to the rulings on the
demurrers.

The transcript shows that the original complaint was filed
on the 19th day of January, 1878, in the Wayne Circuit
Court, and, the case having been transferred by agreement
to the Wayne Superior Court, an amended complaint was
filed on June 4th, 1878, to which the appellant filed her
demurrer two days afterwards, which was overruled. On
the 12th the plaintiff filed his (second) amended complaint,
which alone is contained in the transcript, and to this the
appellant answered without demurring. It is clear, there-
fore, that there was no ruling upon a demurrer to the com-
plaint on which the issues were formed and tried.

A bill of·exceptions in the record shows that the motion to
have the complaint made more specific was filed June 12th,
and after the filing of the amended complaint, but it is not
clear whether it was filed before or after the last amended
complaint was filed. The motion was sustained in so far as
it asked for a more specific bill of particulars, but overruled
in so far as it requested "the name of the officer or person,
acting on behalf of the defendant, who made the alleged
contract and agreement with the plaintiff." The several
paragraphs of the complaint were founded upon alleged pa-
rol contracts between the plaintiff and the defendant, and it
would doubtless have been proper for the court to have made
an order on the plaintiff to state with what officer or agent

of the defendant the contract was claimed to have been made. However, we do not think the judgment should be reversed on account of the refusal of the motion. It does not appear that the appellant was ignorant of the facts in this respect, or was surprised on the trial in reference thereto, or was harmed by the ruling in any way. If danger of surprise had been apprehended, and the appellant really desired the information asked for in her motion, she could have obtained it by an interrogatory addressed to the plaintiff.

There are numerous cases wherein this court has held that defects and uncertainties in a pleading which states facts sufficient can not be reached by a demurrer, but only by a motion to make certain, or to supply the defect; and, doubtless, there may be cases in which the judgment should be reversed on account of the refusal of the court to sustain such a motion, but not unless it be made to appear that the party has, or reasonably may be presumed to have, suffered harm from the adverse ruling. Sections of the code, 101, 580.

Judgment affirmed, with costs.