No. 7720.

## GERARD ET AL. *v.* JONES, ADM'R.

PLEADING.—*Action by Administrator for Unlawful Conversion.—Complaint.—Decedents' Estates.*—A complaint by an administrator, which shows that the intestate died the owner of certain sums of money and property, which, since the death of the owner, the defendants had wrongfully converted to their own use, is good, whether the conversion occurred before or after the granting of letters of administration.

SAME.—*Practice.—Motion to Make More Specific.*—A complaint by an administrator for the conversion of certain moneys alleged to have been "received by the decedent, or by the defendants for his use," from certain specified sources, is not, on account of the alternative averment, subject to a motion to be made more specific, that averment being immaterial. ELLIOTT, J., dissents.

SAME.—*Statute of Limitations.—Demurrer.*—A plea of the six years limitation, which alleges that the cause of action accrued after the happening of a death, and that that death occurred within six years before the commencement of the suit, is self-contradictory and demurrable.

SAME.—*Unlawful Conversion.—Denial.—Confession and Avoidance.—Practice.*—When the general denial has been pleaded, it is not error to strike out pleas of special matter which may be proven under the denial; and anything which tends to show that an alleged unlawful conversion was lawful or justifiable, is provable under that issue.

SAME.—*Practice.—Withdrawal of Pleading after Swearing Jury.*—A reply, filed to an answer to which a demurrer had been sustained, may be withdrawn by leave of court after the swearing of the jury, and a re-swearing of the jury will not be necessary.

SAME.—*Replication.*—A reply which purports to, but does not, respond to the entire answer to which it is addressed, is not good.

From the Ohio Circuit Court.

*A. C. Downey, H. S. Downey* and *W. S. Holman,* for appellants.

*J. B. Coles* and *J. Schwartz,* for appellee.

WOODS, J.—Suit by the appellee against the appellants for the tortious conversion of property. Trial by jury; verdict and judgment for the plaintiff for $5,000. The errors assigned are: *First,* that the complaint does not state facts sufficient, etc.; *second,* the overruling of the motion to have the complaint made more specific; *third,* the sustaining of a demurrer

to the second paragraph of answer as amended; *fourth,* the striking out of parts of the third paragraph of answer; *fifth,* the overruling of the demurrers to the several paragraphs of reply; *sixth,* the permission given the plaintiff to withdraw the reply to the second paragraph of answer; and, *seventh,* the overruling of the motion for a new trial.

The material averments of the complaint are: " That William Gerard, Sr., departed this life intestate, on the — day of May, 1874, the owner of a large amount of personal property, viz., of the value of $15,000, consisting of money received by the decedent, or by the defendants for his use,

| | |
|---|---:|
| For lands sold and conveyed to John W. Cofield, and interest on same, . . . . . . . . . . . . . | $8,000 00 |
| Cash received by decedent, or by defendants for his use, for produce on the 'Home Farm,' in 1864, | 2,500 00 |
| Cash legacy from estate of Reece A. Gerard, received by defendants for use of decedent, . . . | 1,000 00 |
| Cash received by the decedent, or by the defendants for his use, for cattle, horses, mules, sheep, hogs sold, . . . . . . . . . . . . . . . . | 1,000 00" |

(and here follows a list of household and kitchen furniture, farming utensils and other property with values attached, to the total amount, including the foregoing items, of $16,615), " all of which property the defendants have taken and unlawfully appropriated and converted the same to their own use and benefit, and refuse to deliver the same to this plaintiff, though often requested so to do, but have wrongfully converted all of the same to their own use, since the death of the decedent, as executors of their own wrong, to the damage of the plaintiff in the sum of $20,000. Wherefore," etc.

It is insisted, that, in order to render one an executor *de son tort,* the act complained of "must be not only unlawful and an act of ownership, but it must be done before probate or administration granted, for otherwise the act would be a trespass or other injury to the rightful executor." This argument, and the authorities cited in support of it, may show that it

was a mistake of the pleader to describe the defendants "as executors of their own wrong," but it does not follow that a good cause of action against them is not well stated.

The substance of the complaint is, that the intestate died the owner of certain moneys and property which, since the death of the intestate, the defendants had wrongfully converted to their own use. This makes a good complaint, whether the conversion occurred before or after the granting of letters. It would be good on demurrer, and is certainly sufficient after verdict when there has been no demurrer.

The motion to have the complaint made more specific was directed to the alternative statements concerning the items of money charged to have been received by "the decedent, or by defendants for his use," but it is evident, from what has already been said, that these expressions are quite immaterial, and, if omitted entirely, the complaint would not be impaired. Their presence produces no uncertainty in reference to the gist of the averment, which is that the decedent died the owner of the several sums named, derived from the particular sources stated. The appellants were definitely informed of what moneys they were charged with, and can not complain that the complaint·is uncertain in a collateral and unimportant matter, about which, it is evident, they must have had better knowledge than the pleader. See The Trayser Piano Co. v. Kirschner, 73 Ind. 183. The complaint means that Gerard, Sr., died possessed of the moneys named, either in his own possession, or held by the defendants for him. If the alleged conversion occurred before the ancestor's death, then the complaint, in this material respect, is not true, and the action fails.

In respect to the dates when, and the persons from whom, the moneys received by the defendants came, the court ought perhaps to have ordered the complaint made more specific.

The amended second paragraph of answer, to which the demurrer was sustained, was to the following effect: That the said William Gerard, Sr., departed this life intestate, on the 6th day of May, 1874, and that the cause of action in the com-

plaint set forth, the alleged conversion of property and of each item thereof, did not accrue within six years next before the commencement of the action, and that more than eighteen months elapsed after the death of the said William Gerard, before this action was commenced. This plea was filed in April, 1878, and is manifestly self-contradictory. The complaint was filed in January, 1878, and is predicated on acts alleged to have been done since the intestate's death; and, alleging that this death occurred in 1874, the plea undertakes, at the same time, to say that the cause of action, which accrued after the death, did not accrue within six years. It shows that it must have accrued within four years, and yet alleges that it did not accrue within six years. There was no error in sustaining the demurrer to this plea.

The matters stricken out of the third paragraph of the answer, as well indeed as what remains of that plea, were provable under the general denial, if competent under any form of averment, and the action of the court in that respect was, therefore, harmless. From the nature of the complaint, which charges the appellants with the wrongful conversion of property, there can not well be a confession and avoidance, and any evidence which would tend to justify their appropriation of the money or property to their own uses must be admissible under the general issue.

After the court had sustained a demurrer to the amended second paragraph of answer, the plaintiff filed a reply of several paragraphs, the first of which was addressed to the second paragraph of answer. After the jury had been impanelled, the court permitted the plaintiff to withdraw this paragraph of the reply, and proceeded with the trial without re-swearing the jury. The appellant complains of this. But there was no error in it. The jury had been sworn to try the issues, and, though one of the issues was afterward withdrawn, the oath nevertheless continued applicable to the issues that remained.

It is claimed that the court erred in overruling the demur-

rers for want of facts to the second, fifth, sixth, seventh, eighth, ninth and tenth paragraphs of reply, and each of them. These replies are addressed to the third paragraph of answer, wherein it is alleged, among other things, that William Gerard, Sr., during his lifetime, assigned, transferred and delivered all his personal estate of every nature to the defendants, and that Benjamin F., Reece A. and Jerome B. Gerard, who, besides the defendants, are the only children and heirs-at-law of said William Gerard, Sr., before the death of said William, had executed certain releases to the defendants, copies of which are made part of the plea.

The second paragraph, which purports to be a complete reply to this answer, is to the effect that the releases were executed without any consideration. The point is made, and must be sustained, that this reply is defective because it does not respond to the entire answer to which it is addressed. The averment that the intestate, in his lifetime, had assigned, transferred and delivered to the defendants all his personal estate, itself constitutes a complete defence, which the reply fails entirely to meet.

The same objection is made to some of the other paragraphs, and perhaps truly, but as the judgment must be reversed for the error already indicated, and as the pleadings will doubtless be amended before another trial is had, we deem it unnecessary to proceed further.

The judgment is reversed, with costs, and the cause remanded with instructions to sustain the demurrer to the second paragraph of the reply, and to grant leave to each party to amend.

## DISSENTING OPINION.

ELLIOTT, C. J.—I concur in the conclusion stated in the opinion of the majority, but think the judgment should have been reversed upon the ruling denying appellants' motion to make the complaint more specific. The specific charges against the appellants are thus stated: "The defendants have converted personal property of the intestate to the value of

$15,000, consisting of money received by the decedent, or by the defendants for his use, for lands conveyed to John W. Cofield, and interest on same, $8,000 ; cash received by decedent, or by defendants for his use, for produce on Home Farm in 1864, $2,500 ; cash legacy from estate of Reece A. Gerard, received by defendants for use of decedent, $1,000 ; cash received by decedent, or by the defendants for his use, for cattle, horses, mules, sheep and hogs sold, $1,000." I think that appellants were entitled to have the court compel the appellee to state who received the money, the decedent or themselves. It is a vice in pleading to state material matters in the alternative. Facts must be positively alleged. It was the right of appellants to know when and from whom the cash charged against them was received. It was their right to demand that the appellee should state who received the money alleged to have been received for the sale of farm produce, and for what articles, and on what dates received. It was, as it seems to me, impossible to fairly try the case upon a complaint so vague and uncertain. The record shows that the case was not properly tried. Much confusion and much error is directly traceable to the defective complaint. No court can properly determine what evidence is competent under the pleading here receiving attention.

Our code means that a bill of particulars shall afford certain and definite information. Whether the particulars of the claim of a plaintiff be stated in the body of the complaint or in an exhibit is immaterial ; in either case the defendant has a right to have it state definitely and certainly the particulars of the claim. *Starkweather* v. *Kittle*, 17 Wend. 20 ; *Harding* v. *Griffin*, 7 Blackf. 462. The case of *Goodwin* v. *Walls*, 52 Ind. 268, fully sustains the position here taken. As well have no specific statement at all as one which does not exhibit, with reasonable certainty, the particulars of the plaintiff's claim.