Ford *v.* Griffin.

---

No. 11,869.

## FORD *v.* GRIFFIN.

PLEADING.—*Argumentativeness.*—Argumentativeness is not a cause of demurrer under the code.

SUPREME COURT.—*Practice.*—*Motion to Strike Out.*—Where a part of a pleading has been stricken out on motion, the Supreme Court will not review the ruling unless the motion to strike out is in the record.

Ford *v.* Griffin.

BILL OF EXCEPTIONS.—*Must be Presented to Judge within Time Given.*—Where time was given to file a bill of exceptions, and the bill was not presented to the judge within the time, the bill is no part of the record. R. S. 1881, section 629.

From the Posey Circuit Court.

*E. D. Owen,* for appellant.

*A. P. Hovey* and *G. V. Menzies,* for appellee.

BICKNELL, C. C.—This was a suit by the appellant against the appellee to recover damages for the unlawful taking and conversion of personal property.

The defendant answered in two paragraphs, to wit:

1. The general denial.

2. That James Rachels mortgaged to plaintiff the property in controversy, being at the time largely indebted to other creditors not provided for by the mortgage, and that the plaintiff and said Rachels fraudulently conspired together "to place in said mortgage an excess of property," for the purpose of cheating and delaying said creditors, with the agreement and understanding that Ford should hold the mortgaged property in trust for said Rachels, and upon foreclosure of the mortgage should buy in the property for said Rachels; that in pursuance of such fraudulent conspiracy, said Ford foreclosed the mortgage, and at the foreclosure sale bought in the property for said Rachels, who afterwards, during his lifetime, remained in possession of it, claiming it as his own, and exercising acts of ownership over it, with the knowledge and consent of the plaintiff; that the defendant was the administrator of said Rachels, and found the property at the former residence of the deceased, and took possession of it as administrator and sold it with the other property of the deceased, and distributed the proceeds under the order of the Posey Circuit Court, "there being no heirs on record against the property," and defendant having no knowledge but that said property belonged to his said decedent.

A demurrer by the plaintiff to said second paragraph of

answer was overruled. The plaintiff replied to said second paragraph of answer as follows, to wit:

1. That the creditors of said Rachels' estate are all paid in full; that there was enough of said estate, without the property in controversy, to pay said creditors in full; that the sum secured by the mortgage mentioned in said second paragraph of answer was a *bona fide* debt, and that said defendant, before he sold said property, had notice of the plaintiff's claim.

2. A general denial.

The defendant moved to strike out all that part of the first paragraph of the reply which alleges that said Rachels' creditors were paid in full, and that the assets of said estate were sufficient, without the property in controversy, to pay said creditors in full. This motion was sustained, and the plaintiff excepted. The issues were tried by the court who found for the defendant.

The plaintiff's motion for a new trial was overruled, judgment was rendered for the defendant on the 3d day of September, 1883, and on the same day sixty days' time was given to the plaintiff in which to file a bill of exceptions.

The plaintiff appealed. The errors assigned are:

1. Overruling the appellant's demurrer to the second paragraph of defendant's answer.

2. Sustaining the defendant's motion to strike out part of appellant's reply.

3. Overruling appellant's motion for a new trial.

The second paragraph of the answer was merely an argumentative denial of the conversion alleged in the complaint. The substance of it is that there was no conversion of the goods of the plaintiff; every material fact alleged in the answer could have been given in evidence under the general denial; therefore it might have been stricken out on motion (*Gerard* v. *Jones*, 78 Ind. 378), and it would have been a harmless error to sustain the demurrer to it. *Proctor* v. *Cole*, 66 Ind. 576. And, under the code, argumentativeness not being one of the causes of demurrer, there was no error in

overruling the demurrer. Argumentativeness at common law was bad only on special demurrer, and there is no special demurrer under the code. *Main* v. *Ginthert,* 92 Ind. 180 ; *Graham* v. *Martin,* 64 Ind. 567.

The second specification of error presents no question, because the motion to strike out part of the reply is not made part of the record by bill of exceptions. *Flora* v. *Cline,* 89 Ind. 208 ; *Scotten* v. *Randolph,* 96 Ind. 581.

As to the third specification of error, all the reasons for a new trial relate to the sufficiency of the evidence and to the rulings of the court in admitting and rejecting evidence. On September 3d, 1883, sixty days' time was given in which to file the bill of exceptions.

There is a bill of exceptions in the transcript which purports to contain the evidence, and the record shows it was filed on the 9th day of November 1883. The sixty days expired on the 2d day of November, 1883. The certificate of the judge shows that this bill was presented to and signed by him on the 8th day of November, 1883, six days after the expiration of the sixty days. The bill of exceptions not having been either filed or presented to the judge within the time allowed, it does not bring the evidence into the record, and the third specification of error is unavailable. R. S. 1881, section 629.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 22, 1885.