## No. 458.

## SWOPE v. PAUL ET AL.

CONVERSION.—*General Denial, Evidence Under to Show Fraudulent Transfer of Personal Property.*—In an action for conversion of personal property, the defendant, under the general denial, may show that the property was and is the property of a third person, and that such third person transferred it to the plaintiff, with the latter's knowledge, without consideration, with intent to cheat, hinder and delay the defendant in collecting his claims against such third person to satisfy which the property had been sold to the defendant on execution.

SAME.—*Complaint, Sufficiency.*—In an action of conversion it is not necessary to show in the complaint the origin of the plaintiff's right to possession of the property, nor the derivation of his title thereto.

From the Morgan Circuit Court.

*J. V. Mitchell, R. N. Lamb* and *R. Hill,* for appellant.

*W. R. Harrison, J. H. Jordan* and *O. Matthews,* for appellees.

BLACK, J.—The appellant sued the appellees for unlawfully taking and carrying away and unlawfully converting to their own use certain personal property of which the appellant was lawfully possessed.

The appellees answered by general denial. A jury returned a verdict for the appellees. The appellant's motion for a new trial was overruled.

The discussion of counsel in this court relates in great part to the admission, over the appellant's objections, of evidence tending to prove that the property in controversy was owned by one William Swope, son of the appellant, Samuel Swope; that it was mortgaged to the appellant by said William for the purpose of defrauding his creditors, and was accepted under the mortgage by the appellant with knowledge on his part of the mortgagor's fraudulent intent; that the appellee Eli Jackson recovered a judgment against said William Swope, and caused execution to be issued thereon to the appellee James W. Paul, sheriff, and that he, as sheriff,

levied the execution upon the mortgaged property, and sold it to his co-defendant to satisfy the execution.

It is contended that this evidence was not admissible under the issue formed, and that it could not be admitted properly except under an affirmative answer setting up the facts which it tended to prove.

The complaint alleged generally that the appellant was lawfully possessed of the property, without showing the origin of his possession or alleging the derivation of his right thereto. He was not restricted to the proof of any particular origin of a lawful possession.

Under the general denial the appellees were entitled to introduce evidence tending to prove that the pretended title upon which the appellant's possession was based, as developed by the evidence, was void as against the appellees, and that the disturbance of that possession by the appellees was not wrongful.

To support an action for conversion it must be shown that the plaintiff, at the time of the conversion, had a general or special property in the goods and the possession or right of possession. *Picquet* v. *McKay*, 2 Blackf. 465; *Traylor* v. *Horrall*, 4 Blackf. 317; *Coffin* v. *Anderson*, 4 Blackf. 395; *Barton* v. *Dunning*, 6 Blackf. 209; *Grady* v. *Newby*, 6 Blackf. 442; *Redman* v. *Gould*, 7 Blackf. 361.

In an action for conversion the defendant may show title in a third person. *Schermerhorn* v. *Van Volkenburgh*, 11 Johns. 529.

In *Coffin* v. *Anderson*, *supra*, the declaration charged the defendant with having converted certain bank notes belonging to the plaintiff. It was held that a special plea that the notes belonged to a third person was an indirect denial of the plaintiff's property in the notes, and a denial in argumentative form of the alleged conversion, and that such defence, amounting to a good bar to the suit, should have been taken advantage of under the general issue.

In *Bricker* v. *Hughes*, 4 Ind. 146, it was held that in

trover, under the general issue, the plaintiff must recover upon the strength of his own title and right of possession, and not upon the defendant's want of title.

In replevin the plaintiff must rely upon his own title, and not upon the want of title in the defendant; and under an answer of general denial the defendant may give any evidence tending to show want of title in the plaintiff, and hence may show title in himself or in a third person. *Davis* v. *Warfield*, 38 Ind. 461; *Kennedy* v. *Shaw*, 38 Ind. 474; *Thompson* v. *Sweetser*, 43 Ind. 312; *Sparks* v. *Heritage*, 45 Ind. 66; *Caldwell* v. *Bruggerman*, 4 Minn. 270.

In *Woodworth* v. *Knowlton*, 22 Cal. 164, an action of replevin against a sheriff, who had attached the goods as the property of a third person, it was held that an answer that at the time of the levy upon the property it was owned by said third person and in his possession, was not new matter, and was but another form of denial of the plaintiff's ownership and right of possession set forth in the complaint.

In *Branch* v. *Wiseman*, 51 Ind. 1, which was an action of replevin, it was held that under an answer of general denial the defendant might prove that he was a constable and held the property as such by virtue of a levy made thereon by him under an execution in his hands, issued on a judgment against a third person, and that the property was owned by the plaintiff and such third person jointly as partners.

*Farmer* v. *Calvert*, 44 Ind. 209, was an action of replevin. The defendant answered by a general denial and by a special paragraph alleging, in substance, that he was sheriff, and as such seized and held the property by virtue of a writ issued in attachment proceedings against the plaintiff's son, who was the owner of the property. The plaintiff in reply denied generally the allegations of the answer, and denied specially that his son was the owner, and reasserted the plaintiff's ownership. The plaintiff proved the purchase of the property from his son. The defendant introduced evi-

dence tending to show that the sale was made by the son to defraud his creditors, and that the plaintiff was aware of such purpose. The court said: "We think the evidence was within the issue, and that the question was raised by the pleadings, without specially pleading the facts, whether such sale was made in good faith or fraudulently."

*Lane* v. *Sparks*, 75 Ind. 278, was an action of replevin. There was an answer of general denial. There was also an affirmative paragraph of answer, which the court struck out, alleging, in effect, that the defendants held the property under an execution issued on a judgment against the owner of the property, who, after the rendition of the judgment and before the issuing of the execution, for the purpose of defrauding his creditors, transferred the property to the plaintiff. It was held that, if the transfer to the plaintiff was fraudulent, the property, so far as the vendor's creditors were concerned, remained in the vendor; that the plaintiff could only recover upon the strength of his own title, and that the real defence presented by the special answer was property in a third person, the execution debtor, and was included in the answer of general denial.

In *Robinson* v. *Frost*, 14 Barb. 536, an action for conversion, it was held that an answer of general denial denied not only the conversion, but also the plaintiff's title, and that under it evidence that the plaintiff had no title to the property was admissible. See *Jones* v. *Rahilly*, 16 Minn. 320.

In *Davis* v. *Hoppock*, 6 Duer, 254, an action for conversion, it was held that under an answer of denial of ownership and right of possession in the plaintiff it was competent for the defendant to prove ownership and right of possession in a third person.

In *Gerard* v. *Jones*, 78 Ind. 378, an action for conversion, in considering the action of the court in striking out a portion of a paragraph of answer, it was said: "From the nature of the complaint, which charges the appellants with the wrongful conversion of property, there can not well be a

confession and avoidance, and any evidence which would tend to justify their appropriation of the money or property to their own uses must be admissible under the general issue."

In *Ford* v. *Griffin*, 100 Ind. 85, an action for conversion, there was an answer of general denial, and a second paragraph of answer alleging, in effect, that a third person mortgaged the property to the plaintiff to defraud the creditors of the mortgagor; that in pursuance of the fraudulent conspiracy the mortgage was foreclosed, and the property was purchased at the foreclosure sale by the plaintiff for the mortgagor, who retained possession during his lifetime, and that the defendant was the administrator of the deceased mortgagor and found the property at his residence, took possession, as administrator, sold it and distributed the proceeds under order of court, he having no knowledge but that it belonged to his intestate.

It was said by the court that this special paragraph was merely an argumentative denial of the conversion alleged in the complaint, the substance of it being that there was no conversion, and that every material fact alleged could have been given in evidence under the general denial.

The decisions upon the matter in discussion are not harmonious. We deem it to be consonant with the meaning and purpose of our code of procedure to sustain the rulings of the court below in the admission of the evidence in question.

It tended, not to prove title or right of possession in a third person, a fraudulent mortgagor, which he could assert, but to prove that at the time of the alleged conversion the goods were, as between the parties to this action, goods which the appellees had a right to take as the property of said mortgagor, by virtue of an execution as against which the appellant's claim of property and possession was void. The facts so put in evidence by the appellees tended to disprove the appellant's claim of lawful possession and his charge of

unlawful taking and conversion.    They ·were admissible under the general denial.

The record shows that counsel for the appellant offered to introduce in evidence what they in the offer stated to be the papers and judgment in an action brought by the appellee Eli Jackson against said William Swope and his wife, Amanda Swope, to set aside, as fraudulent, a deed of conveyance of real estate made by said William to said Amanda, which counsel stated to be a part of the transaction in which the chattel mortgage of the property here in dispute was given by said William to the appellant, it being also stated by counsel that in said action said deed was decided to be valid.    The offered evidence was excluded.

The appellant was not a party to the action in which said judgment was rendered, and that suit did not relate to the property here involved in controversy; that adjudication could not bind the appellees upon the question of fraud in the execution of the chattel mortgage.

The excluded papers and judgment are not set forth in the record.    We do not know their contents, subject-matter or effect, except as stated generally in the offer of proof. · As the record does not show what the rejected evidence was, we have no proper means of determining as to its competency or materiality, and we can not reverse the judgment because of its exclusion, even if it were apparently competent and material upon the statement of counsel in making the offer. *Rucker* v. *Steelman,* 97 Ind. 222 ; *Wilcox* v. *Majors,* 88 Ind. 203 ; *Ferguson* v. *Hirsch,* 54 Ind. 337.

The appellees introduced in evidence the complaint, answer, judgment and execution in the cause of the appellee Eli Jackson against said William Swope.    Aside from the appellant's objection, already noticed, that this was not competent evidence under the general denial, the only reason urged against it is that the complaint and answer were immaterial and incompetent, and threw no light upon the issues.

A judicial record, as evidence, is an entire thing, and if it be admissible in evidence for any purpose, all its parts are admissible. *State, ex rel.,* v. *Hawkins,* 81 Ind. 486, and authorities there cited.

The question here is not whether the admission of a record, wherein the pleadings were not included, would have been allowable, but is whether the pleadings were admissible as parts of a record otherwise admissible. In connection with other parts of the record so introduced, they showed that a short time before the execution of the chattel mortgage by William Swope to the appellant, the appellee Jackson became a creditor of said William, and entitled to maintain an action to set aside his conveyances made to defraud his creditors. The entire record was material.

We can not reverse the judgment because of alleged insufficiency of the evidence, inasmuch as there was evidence tending to sustain the verdict.

Other questions discussed by counsel are sufficiently disposed of in what has been said as to the admissibility of evidence of fraud in the transaction between said William Swope and the appellant.

The judgment is affirmed.

