## PERRY ET AL. *v.* ACME OIL COMPANY.

[No. 5,381.   Filed June 25, 1909.]

1. APPEAL.—*Briefs.*—*Waiver.*—Points not discussed are waived. p. 208.

2. PLEADING.— *Answer.*— *Conversion.*— *Denying Title.*— *Evidence Admissible.*—In an action for conversion, all evidence tending to deny plaintiff's title to the property, and to sustain defendant's right thereto, is admissible under the general denial.   p. 210.

3. PLEADING.— *Answer.*— *Paragraphs.*— *Sustaining Demurrer.*— *Proof Admissible Under Another Paragraph.*—It is harmless to sustain a demurrer to a paragraph of answer, where the facts contained in such paragraph can be proved under the general denial, already pleaded.   p. 210.

4. LANDLORD AND TENANT.—*Oil and Gas Leases.*—*Surrender of Land.*—*Indefinite Description.*—A lessee has no cause to complain of the uncertainty in the description of the undescribed ten-acre piece surrounding a successful oil well which such lessee had the contractual right to retain, where such lessee has the right to select such tract.   p. 210.

5. LANDLORD AND TENANT.—*Fixtures.*—*Removal.*—Machinery and fixtures used in sinking oil and gas wells do not become parts of the freehold by reason of necessary annexation thereto, and the title thereto does not vest in the lessor upon a forfeiture of the lease.   p. 212.

6. LANDLORD AND TENANT.—*Removal of Fixtures.*—*"At Any Time."* —Where a tenant reserves the right to remove the fixtures "at any time," a reasonable time after the expiration of the lease is intended.   p. 212.

7. LANDLORD AND TENANT.—*Oil and Gas Leases.*—*Options.*—*Forfeiture.*—Where an oil and gas lease provides for the sinking of a well within a certain time, or failing therein, to pay certain rentals, and failing so to pay, the lease to determine, the lessor may elect to determine the lease or to proceed against the lessee for breach of covenant.   p. 212.

8. LANDLORD AND TENANT.—*Determination of Lease.—Election.— Failure of.*—Where a lessor has an option to determine a lease for nonpayment of rentals, but fails to exercise same by giving notice thereof, the lease is still in effect, and he must pursue his rights under such lease. p. 212.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Action by the Acme Oil Company against William M. Perry and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Mock & Sons* and *Jay A. Hindman,* for appellants.

*Joseph S. Dailey, Abram Simmons* and *Frank C. Dailey,* for appellee.

WATSON, J.—This was an action brought by the appellee against appellants, to recover the value of certain oil well fixtures and machinery alleged to have been converted by appellants to their own use.

Appellant King Oil Company filed a general denial to the complaint. Appellant Perry answered in two paragraphs: (1) General denial; (2) affirmative matter in avoidance of the contract. The issues were made upon the complaint and separate general denials by each of the appellants. The cause was tried before a jury. A verdict for appellee was returned in the sum of $800. Each appellant moved for a new trial, but the motions were overruled and judgment rendered on the verdict.

The only assignments discussed by appellants in their brief are: (1) Sustaining the demurrer to appellant Perry's second paragraph of answer; (2) the refusal by the court to give instructions two and seven, requested by Perry.

The other assignments of error are therefore deemed to be waived. *Hamilton* v. *Hanneman* (1898), 20 Ind. App. 16; *Hoover* v. *Weesner* (1897), 147 Ind. 510; Ewbank's Manual, §188.

The complaint is in one paragraph, and alleges the corporate existence of the appellee and the appellant King Oil

Company under the laws of the State of Indiana; that on September 26, 1899, William M. Perry and wife executed and delivered to the appellee an oil and gas lease and contract, whereby the Perrys granted to appellee 100 acres in Wells county, Indiana, for the purpose of drilling and operating for gas and oil, with full right to enter thereon and erect and maintain necessary buildings; that, in pursuance of said contract, appellee entered upon said land and took possession thereof for the purpose before set out, and drilled and completed two wells thereon, and equipped said wells with casings and drivepipe, to the value of $928.30, and that appellants took possession of said wells, casing, drivepipe and other materials, and wrongfully and unlawfully converted them to their own use.

To this complaint appellants filed separate demurrers, but no rulings were had thereon. Appellant King Oil Company then filed its separate answer in general denial, and William M. Perry filed his separate answer in two paragraphs: (1) General denial; (2) admitting that he and his wife executed said contract as set out in the complaint, and further averring that appellee submitted a blank printed form of contract for him and his wife to execute. Said contract was, in part, as follows:

"The second party shall have the right, free of charge, to use sufficient gas, oil and water to run all machinery for operating said well, also the right to remove all property at any time.  *  *  *  It is further agreed by second party that when it fails to operate any one well for a period of sixty days, or to pay first party $1 per day from the time it fails to operate said well, the ten acres on which said well is located shall be canceled, and returned to first party. Second party shall have the right to remove its machinery from said ten acres."

The answer further alleges that appellee, on December 12, 1902, ceased to operate said two wells, wholly abandoned the premises, and removed therefrom all of its machinery and

so remained therefrom thereafter; that on April 15, 1903, he took possession of said wells, casing and drivepipe, and employed his codefendant to operate the wells; that he did not appropriate to his own use any machinery belonging to the appellee, but only the property which was attached to and formed part of the real estate, and which could not be removed therefrom without damage.

To this second paragraph of answer appellee filed a demurrer, which was sustained by the trial court, and proper exceptions reserved as to the ruling thereon.

Under his answer of general denial appellant Perry could have shown all the facts set out in his second paragraph of answer tending to defeat appellee's claim to the property. *Ford* v. *Griffin* (1885), 100 Ind. 85, 87; *Swope* v. *Paul* (1892), 4 Ind. App. 463, and cases cited; *Nowlin* v. *State, ex rel.* (1903), 30 Ind. App. 277.

It was not reversible error, therefore, to sustain the demurrer to the second paragraph of answer. *Wickwire* v. *Town of Angola* (1892), 4 Ind. App. 253; *Kelley* v. *Kelley* (1894), 8 Ind. App. 606; *Crum* v. *Yundt* (1895), 12 Ind. App. 308; *Board, etc.,* v. *State, ex rel.* (1897), 148 Ind. 675.

The terms of the lease, pertinent and necessary to the determination of the questions here involved, we have set out verbatim, in the statement of the complaint.

Appellee contends that the part of the contract before quoted, providing for cancelation of the lease in the event of failure to operate the wells for sixty days or pay $1 per day from the time of such failure, is unenforceable, because of uncertainty in the description of the tracts to be released.

It may well be, under the authorities cited by appellee, that a suit to quiet title to the ten-acre tracts would not lie, because of uncertainty in the description. But the case at bar is not one of that kind. It is an action for conversion of personal property.

By the terms of the lease appellee covenanted to surrender the ten-acre tract upon which any well was located upon failure for sixty days to operate said well, or to pay $1 per day from the time of such failure to operate. Within limits, this gave appellee the power to select the ten acres which said well would be deemed to hold.

In the case of *Jones* v. *Mount* (1906), 166 Ind. 570, the court said: "It is obvious that such a case as this does not fall within the principle of that class of cases in which it is adjudged that nothing passes by the deed where the terms are so uncertain that the intention of the parties cannot be ascertained. It will be observed that the contract contains a covenant upon the part of the grantee to surrender. This, within limits, gave the grantee the power of selection, and the mere fact that the land which he might elect to reconvey was originally uncertain does not prevent an enforcement of the undertaking according to its terms. The principle here announced was exhaustively considered upon the authorities in *Smith* v. *Furbish* [1894], 68 N. H. 123, 44 Atl. 398, 47 L. R. A. 226; *Gardner* v. *Webster* [1888], 64 N. H. 520, 15 Atl. 144; *Dull* v. *Blum* [1887], 68 Tex. 299, 4 S. W. 489; *Nye* v. *Moody* [1888], 70 Tex. 434, 8 S. W. 606; *Dohoney* v. *Womack* [1892], 1 Tex. Civ. App. 354, 19 S. W. 883, 20 S. W. 950; *Waters* v. *Bew* [1894], 52 N. J. Eq. 787, 29 Atl. 590; *Lane* v. *Allen* [1896], 162 Ill. 426, 44 N. E. 831; 1 Jones, Real Property Conveyancing, §334. There is no more of legal uncertainty in such a matter as this than there is in the case of a way of necessity, where the reservation is implied as resting on the presumed intention of the parties."

Therefore, since appellee had the power to select the particular tract to reconvey, it cannot be heard to say that the clause is unenforceable because of uncertainty in the description.

Machinery and fixtures, placed on real estate leased for the purpose of drilling for gas and oil, do not become per-

manent fixtures, nor parts of the freehold, by reason of such annexation as is necessary to develop the premises according to the terms of the lease, and title to such machinery and fixtures does not vest in the lessor because of a forfeiture of the lease. *Montpelier Light, etc., Co.* v. *Stephenson* (1899), 22 Ind. App. 175; *Gartland* v. *Hickman* (1904), 56 W. Va. 75, 49 S. E. 14, 67 L. R. A. 694; *Siler* v. *Globe Window Glass Co.* (1900), 21 Ohio C. C. 284.

Where the right to remove property "at any time" has been expressly reserved in the lease, such a right is not unlimited as to time, but is limited to a reasonable time after the expiration of the lease. *Shellar* v. *Shivers* (1895), 171 Pa. St. 569, 33 Atl. 95.

It has been decided in this State that where a lease provided for the drilling or operating of oil or gas wells, or on failure so to drill or operate to pay an agreed sum per day to the lessor for such failure or delay, and with the further provision that upon failure to drill or operate, or pay the agreed sum, the lease to become null and void, such a provision is for the benefit of the lessor, and he may either declare a forfeiture of the lease or proceed against the lessee for failure to perform the covenants of the lease. *Hancock* v. *Diamond Plate Glass Co.* (1904), 162 Ind. 146. To the same effect see, also, *Edmonds* v. *Mounsey* (1896), 15 Ind. App. 399, and cases cited; *Woodland Oil Co.* v. *Crawford* (1896), 55 Ohio St. 161, 44 N. E. 1093, 34 L. R. A. 62; *Wills* v. *Manufacturers Nat. Gas Co.* (1889), 130 Pa. St. 222, 18 Atl. 721, 5 L. R. A. 603; Thornton, Oil and Gas, §151.

In this case, it does not appear that appellant Perry took any steps to declare a forfeiture or give appellee any notice of such an intention. Consequently, at the time when said appellant refused to permit appellee to enter the leased premises for the alleged purpose of drawing the pipe from the wells, the lease was still in effect, and the title to the fixtures used in operating the wells was in ap-

MAY TERM, 1909.                    213

Toledo, etc., Interurban R. Co. *v.* Wilson—44 Ind. App. 213.

pellee. Therefore the trial court did not err in refusing to instruct the jury that title to the fixtures vested in appellant Perry after sixty days' failure to operate said wells or pay $1 per day in lieu thereof, or that the title vested in said Perry immediately upon the happening of such default. *Hancock* v. *Diamond Plate Glass Co., supra.*

It does not appear that there was any reversible error on the part of the trial court. The judgment is therefore affirmed.